**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Acton No. _____
POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.,
HTC CORPORATION,
HTC AMERICA, INC.,
SAMSUNG ELECTRONICS CO. LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SONY CORPORATION,
SONY MOBILE COMMUNICATIONS AB,
SONY CORPORATION OF AMERICA,
LG ELECTRONICS, INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE CORPORATION,
ZTE (USA) INC.,
KYOCERA CORPORATION,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI AMERICA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION,
NOKIA CORPORATION, and
NOKIA INC.,

      Defendants.

---

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

---

Plaintiff, Potter Voice Technologies LLC for its Complaint against Defendants, hereby alleges as follows:

## THE PARTIES

1.        Plaintiff Potter Voice Technologies LLC, ("Potter Voice Technologies") is a limited liability corporation duly organized and existing under the laws of the State of Colorado, having its principal place of business at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

2.        On information and belief, Defendant Apple, Inc. ("Apple") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.        On information and belief, Google, Inc. ("Google") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

4.        On information and belief, Defendant HTC Corporation is a Taiwanese corporation, having its principal place of business at 23 Xinghua Rd. Taoyuan 330, Taiwan.

5.        On information and belief, Defendant HTC America, Inc. is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005.  On information and belief, Defendant HTC America, Inc. is owned and controlled by Defendant HTC Corporation (collectively "HTC").

6.      On information and belief, Defendant Samsung Electronics Co. Ltd. is a South Korean corporation, having its principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.

7.      On information and belief, Defendant Samsung Electronics America, Inc. is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, Defendant Samsung Electronics America, Inc. is owned and controlled by Defendant Samsung Electronics Co. Ltd. (collectively "Samsung").

8.      On information and belief, Defendant Sony Corporation is a Japanese corporation, having its principal place of business at 7-1, Konan, 1-Chome, Minato-Ku, Tokyo 108-0075, Japan.

9.      On information and belief, Defendant Sony Mobile Communications AB is a United Kingdom corporation, having its principal place of business at Sony Ericsson House, 202 Hammersmith Rd., London W6 7DN, United Kingdom.

10.     On information and belief, Defendant Sony Corporation of America is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 550 Madison Ave., New York, New York 10022. On information and belief, Defendants Sony Mobile Communications AB and Sony Corporation of America are owned and controlled by Defendant Sony Corporation (collectively "Sony").

11.     On information and belief, Defendant LG Electronics Inc. is a South Korean corporation, having its principal place of business at LG Twin Towers, 20 Yeouido-Dong, Yeoungdeungpo-Gu, Seoul 150-721, South Korea.

12.     On information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 10101 Old Grove Road, San Diego, California 92131.  On information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is owned and controlled by Defendant LG Electronics Inc. (collectively "LG").

13.     On information and belief, Defendant Motorola Solutions, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1303 E. Algonquin Rd., Schaumburg, Illinois 60196.

14.     On information and belief, Defendant Motorola Mobility, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 600 N. U.S. Hwy. 45, Libertyville, Illinois, 60048.  On information and belief, Defendant Motorola Mobility, Inc. is owned and controlled by Defendant Motorola Solutions, Inc. (collectively "Motorola").

15.     On information and belief, Defendant ZTE Corporation is a Chinese corporation, having its principal place of business at Zte Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong 518057, China.

16.     On information and belief, Defendant ZTE (USA) Inc. is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 2425 N Central Expressway #323, Richardson, Texas 75080. on information and belief, Defendant ZTE (USA) Inc. is owned and controlled by Defendant ZTE Corporation (collectively "ZTE").

17.     On information and belief, Defendant Kyocera Corporation is a Japanese corporation having its principal place of business at 6 Takeda Tobadono-Cho, Fushimi-Ku, Kyoto 612-8501, Japan.

18.     On information and belief, Defendant Kyocera International, Inc. is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 8611 Balboa Ave., San Diego, California 92123.  On information and belief, Defendant Kyocera International, Inc. is owned and controlled by Defendant Kyocera Corporation (collectively "Kyocera").

19.     On information and belief, Defendant Sharp Corporation is a Japanese corporation having its principal place of business at 22-22 Nagaike-Cho, Abeno-Ku, Osaka 545-8522, Japan.

20.     On information and belief, Defendant Sharp Electronics Corporation is a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at Sharp Plaza, Mahwah, New Jersey 07495.  On information and belief, Defendant Sharp Electronics Corporation is owned and controlled by Defendant Sharp Corporation (collectively "Sharp").

21.     On information and belief, Defendant Huawei Technologies Co., Ltd. is a Chinese corporation having its principal place of business at Banxuegang Industrial Park, Bantian Longgang District, Shenzhen, Guangdong 518129, China.

22.     On information and belief, Defendant Huawei America, Inc. is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 3255-4 Scott Blvd., Suite 101, Santa Clara, California 95054.  On information and

belief, Defendant Huawei America, Inc. is owned and controlled by Defendant Huawei Technologies Co., Ltd. (collectively "Huawei").

23.     On information and belief, Defendant Pantech Wireless, Inc. ("Pantech") is a corporation duly organized and existing under the laws of the State of Georgia, having its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

24.     On information and belief, Defendant Research In Motion Limited is a Canadian corporation having its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

25.     On information and belief, Defendant Research In Motion Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 5000 Riverside Drive, Irving, Texas 75039.  On information and belief, Defendant Research In Motion Corporation is owned and controlled by Defendant Research In Motion Limited (collectively "RIM").

26.     On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation duly organized and existing under the laws of the State of Washington, having its principal place of business at 1 Microsoft Way, Redmond, Washington 98052.

27.     On information and belief, Defendant Nokia Corporation is a Finnish corporation having its principal place of business at Keilalahdentie 2-4, Espoo Fl-02150, Finland.

28.     On information and belief, Defendant Nokia Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.  On information and belief, Defendant Nokia Inc. is owned and controlled by Defendant Nokia Corporation (collectively "Nokia").

## JURISDICTION AND VENUE

29.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

30.     This Court has specific and/or general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Colorado and within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

31.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this district, and/or have committed acts of patent infringement within this District giving rise to this action.

## INFRINGEMENT OF U.S. PATENT 5,729,659

32. Potter Voice Technologies re-alleges and incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

33. On March 17, 1998, United States Patent Number 5,729,659 ("the '659 patent") entitled "Method And Apparatus For Controlling A Digital Computer Using Oral Input" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '659 patent is attached hereto as **Exhibit A**.

34. Potter Voice Technologies is the owner and assignee of all right, title, and interest in and to the '659 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## DEFENDANT APPLE

35. On information and belief, Defendant Apple has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Siri and/or Google Voice Commands that embody the inventions claimed in the '659 patent, including but not limited to the Apple iPhone 4S and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by contributing to its customers' infringement by using Siri and/or Google Voice Commands on the Apple iPhone 4S and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by actively inducing its customers to use Siri and/or Google Voice Commands on the Apple iPhone 4S and all reasonably similar products. On information and

belief, Defendant Apple knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

36.     On information and belief, Defendant Apple has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input that embody the inventions claimed in the '659 patent, including but not limited to Siri and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by contributing to its customers' infringement by using Siri and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by actively inducing its customers to use Siri and all reasonably similar products. On information and belief, Defendant Apple knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

37.     On information and belief, Defendant Apple will continue to infringe the '659 patent unless enjoined by this Court.

38.     Defendant Apple's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Apple's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

39.     On information and belief, SRI International originally created and developed the product Siri. On information and belief, SRI International spun off Siri, Inc., in 2007. On information and belief, Defendant Apple acquired Siri, Inc. in April, 2010.

40. On information and belief, SRI International knew of the '659 patent and its contents from about 2004 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 6,513,063, 6,691,151, 6,757,718, 6,859,931, 7,069,560, 7,036,128, 6,523,061, 6,742,021. On information and belief, Defendant Apple knew of the '659 patent and its contents when it acquired Siri, Inc. from SRI International. And on information and belief, Defendant Apple willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## DEFENDANT GOOGLE

41. On information and belief, Defendant Google has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input that embody the inventions claimed in the '659 patent, including but not limited to Google Voice Actions and all reasonably similar products. On information and belief, Defendant Google indirectly infringes by contributing to its customers' infringement of Google Voice Actions and all reasonably similar products. On information and belief, Defendant Google indirectly infringes by actively inducing its customers to use Google Voice Actions and all reasonably similar products. On information and belief, Defendant Google knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

42. On information and belief, Defendant Google will continue to infringe the '659 patent unless enjoined by this Court.

43.     Defendant Google's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Google's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT HTC

44.     On information and belief, Defendant HTC has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions and/or Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC indirectly infringes by contributing to its customers' infringement using Google Voice Actions and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC indirectly infringes by actively inducing its customers to use Google Voice Actions and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

45.     On information and belief, Defendant HTC will continue to infringe the '659 patent unless enjoined by this Court.

46.     Defendant HTC's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant HTC's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**DEFENDANT SAMSUNG**

47.     On information and belief, Defendant Samsung has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions and/or Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung indirectly infringes by contributing to its customers' infringement using Google Voice Actions and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung indirectly infringes by actively inducing its customers to use Google Voice Actions and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

48.     On information and belief, Defendant Samsung will continue to infringe the '659 patent unless enjoined by this Court.

49.     Defendant Samsung's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Samsung's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT SONY

50.     On information and belief, Defendant Sony has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony indirectly infringes by actively inducing its customers to use Google Voice Actions on the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

51.     On information and belief, Defendant Sony will continue to infringe the '659 patent unless enjoined by this Court.

52.     Defendant Sony's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sony's infringement of Potter Voice Technologies' rights under the '659 patent will continue to

damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

53.     On information and belief, Defendant Sony knew of the '659 patent and its contents from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017.  And on information and belief, Defendant Sony willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## DEFENDANT LG

54.     On information and belief, Defendant LG has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG indirectly infringes by actively inducing its customers to use Google Voice Actions on the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

55.     On information and belief, Defendant LG will continue to infringe the '659 patent unless enjoined by this Court.

56.     Defendant LG's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant LG's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT MOTOROLA

57.     On information and belief, Defendant Motorola has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Motorola DROID RAZR and all reasonably similar products. On information and belief, Defendant Motorola indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Motorola DROID RAZR and all reasonably similar products. On information and belief, Defendant Motorola indirectly infringes by actively inducing its customers to use Google Voice Actions on the Motorola DROID RAZR and all reasonably similar products. On information and belief, Defendant Motorola knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

58.     On information and belief, Defendant Motorola will continue to infringe the '659 patent unless enjoined by this Court.

59.     Defendant Motorola's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty.

Defendant Motorola's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

<u>**DEFENDANT ZTE**</u>

60.     On information and belief, Defendant ZTE has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE indirectly infringes by actively inducing its customers to use Google Voice Actions on the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

61.     On information and belief, Defendant ZTE will continue to infringe the '659 patent unless enjoined by this Court.

62.     Defendant ZTE's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant ZTE's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT KYOCERA

63.     On information and belief, Defendant Kyocera has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera indirectly infringes by actively inducing its customers to use Google Voice Actions on the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

64.     On information and belief, Defendant Kyocera will continue to infringe the '659 patent unless enjoined by this Court.

65.     Defendant Kyocera's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Kyocera's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT SHARP

66.     On information and belief, Defendant Sharp has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States

by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Sharp FX PLUS ADS1 and all reasonably similar products. On information and belief, Defendant Sharp indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Sharp FX PLUS ADS1 and all reasonably similar products. On information and belief, Defendant Sharp indirectly infringes by actively inducing its customers to use Google Voice Actions on the Sharp FX PLUS ADS1 and all reasonably similar products. On information and belief, Defendant Sharp knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

67.     On information and belief, Defendant Sharp will continue to infringe the '659 patent unless enjoined by this Court.

68.     Defendant Sharp's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sharp's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT HUAWEI

69.     On information and belief, Defendant Huawei has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Huawei M835 and all reasonably similar

products. On information and belief, Defendant Huawei indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Huawei M835 and all reasonably similar products. On information and belief, Defendant Huawei indirectly infringes by actively inducing its customers to use Google Voice Actions on the Huawei M835 and all reasonably similar products. On information and belief, Defendant Huawei knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

70.     On information and belief, Defendant Huawei will continue to infringe the '659 patent unless enjoined by this Court.

71.     Defendant Huawei's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Huawei's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **DEFENDANT PANTECH**

72.     On information and belief, Defendant Pantech has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech indirectly infringes by actively

inducing its customers to use Google Voice Actions on the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

73.     On information and belief, Defendant Pantech will continue to infringe the '659 patent unless enjoined by this Court.

74.     Defendant Pantech's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Pantech's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT RIM

75.     On information and belief, Defendant RIM has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using BlackBerry Voice Commands and/or Google Voice Actions that embody the inventions claimed in the '659 patent, including but not limited to the RIM BlackBerry Bold and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by contributing to its customers' infringement by using BlackBerry Voice Commands and/or Google Voice Actions on the RIM BlackBerry Bold and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by actively inducing its customers to use BlackBerry Voice Commands and/or Google Voice Actions on the RIM BlackBerry Bold and all reasonably similar products. On information and belief, Defendant

RIM knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

76.     On information and belief, Defendant RIM has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input that embody the inventions claimed in the '659 patent, including but not limited to BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by contributing to its customers' infringement by using BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by actively inducing its customers to use BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

77.     On information and belief, Defendant RIM will continue to infringe the '659 patent unless enjoined by this Court.

78.     Defendant RIM's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant RIM's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT MICROSOFT

79.     On information and belief, Defendant Microsoft has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input which embody the inventions claimed in the '659 patent, including but not limited to the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft indirectly infringes by contributing to its customers' infringement of the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft indirectly infringes by actively inducing its customers to use the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

80.     On information and belief, Defendant Microsoft will continue to infringe the '659 patent unless enjoined by this Court.

81.     Defendant Microsoft's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Microsoft's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

82.     On information and belief, Defendant Microsoft knew of the '659 patent and its contents from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent No. 7,299,181.   And on information and belief, Defendant Microsoft willfully infringed the '659

patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## DEFENDANT NOKIA

83.     On information and belief, Defendant Nokia has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Windows Speech Commands and/or Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia indirectly infringes by contributing to its customers' infringement using Windows Speech Commands and/or Google Voice Actions on the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia indirectly infringes by actively inducing its customers to use Windows Speech Commands and/or Google Voice Actions on the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

84.     On information and belief, Defendant Nokia will continue to infringe the '659 patent unless enjoined by this Court.

85.     Defendant Nokia's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Nokia's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## JOINDER

86.     As discussed in the preceding paragraphs, on information and belief, Defendants infringe the asserted patents by making, using, selling, offering to sell, and/or importing specific accused instrumentalities that are common to Defendants including specific hardware devices and particular software.  Thus, Potter Voice Technologies asserts rights to relief against Defendants with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused products.  Moreover, because specific accused instrumentalities and asserted patents are common to Defendants, questions of fact common to Defendants will arise in the action.

## PRAYER FOR RELIEF

87.     Wherefore, Potter Voice Technologies respectfully requests that this Court enter judgment against Defendants as follows:

> a.      For judgment that Defendants have infringed and continues to infringe the claims of the '659 Patent;
>
> b.      For preliminary and permanent injunction against Defendants and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '659 Patent;
>
> c.      For judgment that Defendant Apple's, Sony's, and Microsoft's acts of infringement and/or contributing to and/or inducing infringement have been and are willful;

d.      For an accounting of all damages caused by Defendants' acts of infringement;

e.      For damages to be paid by Defendants adequate to compensate Potter Voice Technologies for Defendants' infringement, including interest, costs and disbursement as justified under 35 U.S.C. § 284;

f.      For judgment finding this to be an exceptional case, and awarding Potter Voice Technologies attorney fees under 35 U.S.C. § 285; and

g.      For such relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Potter Voice demands a trial by jury of all issues triable by a jury.


Dated: April 25, 2012


Respectfully submitted,

*/s/ Christopher D. Banys*

Christopher D. Banys - ***Lead Attorney***

THE LANIER LAW FIRM, P.C.
Christopher D. Banys          SBN: 230038 (California)
Daniel W. Bedell             SBN: 254912 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
(650) 322-9100        (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com

LOCAL COUNSEL:

RYLEY CARLOCK & APPLEWHITE

F. Brittin Clayton III, #15940

1700 Lincoln Street, Suite 3500

Denver, CO 80203

(303) 813-6713

bclayton@rcalaw.com