**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Acton No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

     Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

     Defendants.

---

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

---

     Plaintiff Potter Voice Technologies, LLC for its Third Amended Complaint against

Defendants, hereby alleges as follows:

<u>**THE PARTIES**</u>

     1.     Plaintiff Potter Voice Technologies, LLC ("Potter Voice Technologies") is a

limited liability corporation duly organized and existing under the laws of the State of

Colorado, having its principal place of business at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

2.      On information and belief, Defendant Apple Inc. ("Apple") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      On information and belief, Defendant Google, Inc. ("Google") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

4.      On information and belief, Defendant HTC America, Inc. ("HTC") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005.

5.      On information and belief, Defendant Samsung Telecommunications America, LLC ("Samsung") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.

6.      On information and belief, Defendant Sony Mobile Communications (U.S.A.) Inc. ("Sony") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 7001 Development Drive Research Triangle Park, North Carolina 27709.

7.      On information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG") is a corporation duly organized and existing under the laws of the State of

California, having its principal place of business at 10101 Old Grove Road, San Diego, California 92131.

8.      On information and belief, Defendant Motorola Mobility LLC ("Motorola") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 600 N. U.S. Hwy. 45, Libertyville, Illinois, 60048.

9.      On information and belief, Defendant ZTE (USA) Inc. ("ZTE") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 2425 N Central Expressway #323, Richardson, Texas 75080.

10.     On information and belief, Defendant Kyocera International, Inc. ("Kyocera") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 8611 Balboa Ave., San Diego, California 92123.

11.     On information and belief, Defendant Sharp Electronics Corporation ("Sharp") is a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at Sharp Plaza, Mahwah, New Jersey 07495.

12.     On information and belief, Defendant Huawei Device USA Inc. ("Huawei") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

13.     On information and belief, Defendant Pantech Wireless, Inc. ("Pantech") is a corporation duly organized and existing under the laws of the State of Georgia, having

its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

14.    On information and belief, Defendant Research In Motion Limited is a Canadian corporation having its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

15.    On information and belief, Defendant Research In Motion Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 5000 Riverside Drive, Irving, Texas 75039.  On information and belief, Defendant Research In Motion Corporation is owned and controlled by Defendant Research In Motion Limited (collectively "RIM").

16.    On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation duly organized and existing under the laws of the State of Washington, having its principal place of business at 1 Microsoft Way, Redmond, Washington 98052.

17.    On information and belief, Defendant Nokia Inc. ("Nokia") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

## JURISDICTION AND VENUE

18.    This is an action for patent infringement arising under the Patent Act, 35 U.S.C.  §§101 et seq. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

19.    This Court has specific and/or general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Colorado and within

this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this district, and/or have committed acts of patent infringement within this District giving rise to this action.

## INFRINGEMENT OF U.S. PATENT 5,729,659

21.     Potter Voice Technologies re-alleges and incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

22.     On March 17, 1998, United States Patent Number 5,729,659 ("the '659 patent") entitled "Method And Apparatus For Controlling A Digital Computer Using Oral Input" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '659 patent is attached hereto as **Exhibit A**.

23.     Potter Voice Technologies is the owner and assignee of all right, title, and interest in and to the '659 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## DEFENDANT APPLE

24.     On information and belief, Defendant Apple has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Siri and/or Google Voice Search that embody the inventions claimed in the '659 patent, including but not limited to the Apple iPhone 4S and all reasonably similar products.

25.     On information and belief, Defendant Apple indirectly infringes by actively inducing its customers to use Siri and/or Google Voice Search on the Apple iPhone 4S and all reasonably similar products. On information and belief, Apple encourages, and intends for its customers to use Siri and/or Google Voice Search on the Apple iPhone 4S and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, Apple advertises and instructs customers on how to use Siri and/or Google Voice Search on the Apple iPhone 4S in a manner that infringes the '659 patent claims.  On information and belief, Defendant Apple knew its actions would induce infringement of the '659 patent.  Indeed, Defendant Apple knew of the '659 patent and its contents from about in April, 2010, when Defendant Apple acquired Siri, Inc. and its employees who had knowledge of the '659 patent.  Further, from the service date of the initial Complaint forward, Defendant Apple had additional knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

26.     On information and belief, SRI International originally created and developed the product Siri.  On information and belief, SRI International spun off Siri, Inc., in 2007.  On information and belief, Defendant Apple acquired Siri, Inc. in April, 2010.

27.     On information and belief, SRI International and the inventors of the following patents knew of the '659 patent and its contents from about 2004 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 6,513,063, 6,691,151, 6,757,718, 6,859,931, 7,069,560, 7,036,128, 6,523,061, 6,742,021.  When Defendant Apple acquired Siri, Inc., it also acquired employees from Siri, Inc., including inventors

of the above-listed patents.  On information and belief, Defendant Apple learned of the '659 patent and its contents when it acquired Siri, Inc. and Siri, Inc. employees.  And on information and belief, Defendant Apple willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

28.    On information and belief, Defendant Apple will continue to infringe the '659 patent unless enjoined by this Court.

29.    Defendant Apple's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Apple's infringement of Potter Voice Technologies's rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT GOOGLE

30.    On information and belief, Defendant Google has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search that embody the inventions claimed in the '659 patent, including but not limited to the Google Nexus 7 and all reasonably similar products.

31.    On information and belief, Defendant Google indirectly infringes by actively inducing its customers to use Google Voice Search on the Nexus 7, Apple iPhone 4S, HTC EVO Design 4G, HTC Incredible S, HTC Rezound, HTC Titan, Samsung Galaxy S II, Samsung Galaxy S Blaze, Samsung Focus, Sony Xperia X10,

LG Optimus S, Motorola DROID RAZR, ZTE Score M, Kyocera Echo, Sharp FX PLUS ADS1, Huawei M835, Pantech Burst, RIM BlackBerry Bold, Nokia Lumia 710, and all reasonably similar products. On information and belief, Google encourages, and intends for its customers to use Google Voice Search on mobile devices in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Google advertises and instructs customers on how to use Google Voice Search on mobile devices in a manner that infringes the '659 patent claims.   On information and belief, Defendant Google knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Google had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

32.     On information and belief, Defendant Google will continue to infringe the '659 patent unless enjoined by this Court.

33.     Defendant Google's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Google's infringement of Potter Voice Technologies's rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**DEFENDANT HTC**

34.     On information and belief, Defendant HTC has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search and/or

Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products.

35.     On information and belief, Defendant HTC indirectly infringes by actively inducing its customers to use Google Voice Search and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products.  On information and belief, HTC encourages, and intends for its customers to use Google Voice Search and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, HTC advertises and instructs customers on how to use Google Voice Search and/or Windows Speech Commands on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant HTC knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant HTC had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

36.     On information and belief, Defendant HTC will continue to infringe the '659 patent unless enjoined by this Court.

37.     Defendant HTC's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant HTC's infringement of Potter Voice Technologies' rights under the

'659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT SAMSUNG

38.    On information and belief, Defendant Samsung has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search and/or Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products.

39.    On information and belief, Defendant Samsung indirectly infringes by actively inducing its customers to use Google Voice Search and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products.   On information and belief, Samsung encourages, and intends for its customers to use Google Voice Search and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Samsung advertises and instructs customers on how to use Google Voice Search and/or Windows Speech Commands on its mobile devices in a manner that infringes the '659 patent claims.   On information and belief, Defendant Samsung knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Samsung had knowledge of

the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

40.     On information and belief, Defendant Samsung will continue to infringe the '659 patent unless enjoined by this Court.

41.     Defendant Samsung's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Samsung's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **DEFENDANT SONY**

42.     On information and belief, Defendant Sony has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Sony Xperia X10 and all reasonably similar products.

43.     On information and belief, Defendant Sony indirectly infringes by actively inducing its customers to use Google Voice Search on the Sony Xperia X10 and all reasonably similar products. On information and belief, Sony encourages, and intends for its customers to Google Voice Search on the Sony Xperia X10 and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, Sony advertises and instructs customers on how to use Google Voice Search on the Sony Xperia X10, in a manner that infringes the '659 patent claims.  On

information and belief, Defendant Sony knew its actions would induce infringement of the '659 patent. Indeed, on information and belief, Defendant Sony knew of the '659 patent from about 2007 when the '659 patent was cited to Sony Corporation in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017.  Further, from the service date of the initial Complaint forward, Defendant Sony had additional knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

44.    On information and belief, Defendant Sony knew of the '659 patent and its contents from about 2007 when the '659 patent was cited to Sony Corporation in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017.  On information and belief, Sony is currently a subsidiary of Sony Corporation and was a joint venture between Sony Corporation and Ericsson in 2007.  On information and belief, Sony Corporation and Defendant Sony share information relevant to the the Sony Xperia.  Indeed, Sony Corporation's website advertises and provides information for Defendant Sony's Xperia mobile devices.  On information and belief, Defendant Sony willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

45.    On information and belief, Defendant Sony will continue to infringe the '659 patent unless enjoined by this Court.

46.    Defendant Sony's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sony's infringement of Potter Voice Technologies' rights under the

'659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT LG

47.     On information and belief, Defendant LG has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the LG Optimus S and all reasonably similar products.

48.     On information and belief, Defendant LG indirectly infringes by actively inducing its customers to use Google Voice Search on the LG Optimus S and all reasonably similar products.  On information and belief, LG encourages, and intends for its customers to use Google Voice Search on the LG Optimus S and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, LG advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant LG knew its actions would induce infringement of the '659 patent.  Indeed, from the service date of the initial Complaint forward, Defendant LG had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

49.     On information and belief, Defendant LG will continue to infringe the '659 patent unless enjoined by this Court.

50.    Defendant LG's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant LG's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT MOTOROLA

51.    On information and belief, Defendant Motorola has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Motorola DROID RAZR and all reasonably similar products.

52.    On information and belief, Defendant Motorola indirectly infringes by actively inducing its customers to use Google Voice Search on the Motorola DROID RAZR and all reasonably similar products.  On information and belief, Motorola encourages, and intends for its customers to use Google Voice Search on the Motorola DROID RAZR and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, Motorola advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Motorola knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Motorola had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

53.     On information and belief, Defendant Motorola will continue to infringe the '659 patent unless enjoined by this Court.

54.     Defendant Motorola's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Motorola's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT ZTE

55.     On information and belief, Defendant ZTE has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the ZTE Score M and all reasonably similar products.

56.     On information and belief, Defendant ZTE indirectly infringes by actively inducing its customers to use Google Voice Search on the ZTE Score M and all reasonably similar products.  On information and belief, ZTE encourages, and intends for its customers to use Google Voice Search on the ZTE Score M and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, ZTE advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant ZTE knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant

ZTE had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

57.     On information and belief, Defendant ZTE will continue to infringe the '659 patent unless enjoined by this Court.

58.     Defendant ZTE's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant ZTE's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT KYOCERA

59.     On information and belief, Defendant Kyocera has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Kyocera Echo and all reasonably similar products.

60.     On information and belief, Defendant Kyocera indirectly infringes by actively inducing its customers to use Google Voice Search on the Kyocera Echo and all reasonably similar products.  On information and belief, Kyocera encourages, and intends for its customers to use Google Voice Search on the Kyocera Echo and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Kyocera advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent

claims.   On information and belief, Defendant Kyocera knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Kyocera had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

61.     On information and belief, Defendant Kyocera will continue to infringe the '659 patent unless enjoined by this Court.

62.     Defendant Kyocera's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Kyocera's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **DEFENDANT SHARP**

63.     On information and belief, Defendant Sharp has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Sharp FX PLUS ADS1 and all reasonably similar products.

64.     On information and belief, Defendant Sharp indirectly infringes by actively inducing its customers to use Google Voice Search on the Sharp FX PLUS ADS1 and all reasonably similar products.   On information and belief, Sharp encourages, and intends for its customers to use Google Voice Search on the Sharp FX PLUS ADS1 and all reasonably similar products in a manner that infringes the claims of the '659 patent.

Indeed, on its public website, Sharp advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.   On information and belief, Defendant Sharp knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Sharp had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

65.    On information and belief, Defendant Sharp will continue to infringe the '659 patent unless enjoined by this Court.

66.    Defendant Sharp's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sharp's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT HUAWEI

67.    On information and belief, Defendant Huawei has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Huawei M835 and all reasonably similar products.

68.    On information and belief, Defendant Huawei indirectly infringes by actively inducing its customers to use Google Voice Search on the Huawei M835 and all reasonably similar products.   On information and belief, Huawei encourages, and

intends for its customers to use Google Voice Search on the Huawei M835 and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Huawei advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Huawei knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Huawei had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

69.     On information and belief, Defendant Huawei will continue to infringe the '659 patent unless enjoined by this Court.

70.     Defendant Huawei's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Huawei's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT PANTECH

71.     On information and belief, Defendant Pantech has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Pantech Burst and all reasonably similar products.

72.     On information and belief, Defendant Pantech indirectly infringes by actively inducing its customers to use Google Voice Search on the Pantech Burst and all reasonably similar products.  On information and belief, Pantech encourages, and intends for its customers to use Google Voice Search on the Pantech Burst and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Pantech advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Pantech knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Pantech had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

73.     On information and belief, Defendant Pantech will continue to infringe the '659 patent unless enjoined by this Court.

74.     Defendant Pantech's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Pantech's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT RIM

75.     On information and belief, Defendant RIM has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using BlackBerry Voice Commands and/or

Google Voice Search that embody the inventions claimed in the '659 patent, including but not limited to the RIM BlackBerry Bold and all reasonably similar products.

76.    On information and belief, Defendant RIM indirectly infringes by actively inducing its customers to use BlackBerry Voice Commands and/or Google Voice Search on the RIM BlackBerry Bold and all reasonably similar products.  On information and belief, RIM encourages, and intends for its customers to use BlackBerry Voice Commands and/or Google Voice Search on the RIM BlackBerry Bold and all reasonably similar products in a manner that infringes the claims of the '659 patent.  Indeed, on its public website, RIM advertises and instructs customers on how to use BlackBerry Voice Commands and/or Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant RIM knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant RIM had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

77.    On information and belief, Defendant RIM will continue to infringe the '659 patent unless enjoined by this Court.

78.    Defendant RIM's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant RIM's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT MICROSOFT

79.    On information and belief, Defendant Microsoft has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things making, using, importing, offering to sell, and/or selling in the United States digital computers using  Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the HTC Titan, Samsung Focus, Nokia Lumia 710, and all reasonably similar products

80.    On information and belief, Defendant Microsoft indirectly infringes by actively inducing its customers to use Windows Speech Commands on the HTC Titan, Samsung Focus, Nokia Lumia 710, and all reasonably similar products.  On information and belief, Microsoft encourages, and intends for its customers to use Windows Speech Commands on Windows mobile devices in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Microsoft advertises and instructs customers on how to Windows Speech Commands on Windows mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Microsoft knew its actions would induce infringement of the '659 patent. Indeed, Defendant Microsoft knew of the '659 patent and its contents from about in from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent No. 7,299,181.  Further, from the service date of the initial Complaint forward, Defendant Microsoft had additional knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

81.     On information and belief, Defendant Microsoft knew of the '659 patent and its contents from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent No. 7,299,181.  And on information and belief, Defendant Microsoft willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.On information and belief, Defendant Microsoft will continue to infringe the '659 patent unless enjoined by this Court.

82.     On information and belief, Defendant Microsoft will continue to infringe the '659 patent unless enjoined by this Court.

83.     Defendant Microsoft's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Microsoft's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEFENDANT NOKIA

84.     On information and belief, Defendant Nokia has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Windows Speech Commands and/or Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Nokia Lumia 710 and all reasonably similar products.

85.     On information and belief, Defendant Nokia indirectly infringes by actively inducing its customers to use Windows Speech Commands and/or Google Voice

Search on the Nokia Lumia 710 and all reasonably similar products. On information and belief, Nokia encourages, and intends for its customers to use Windows Speech Commands and/or Google Voice Search on the Nokia Lumia 710 and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Nokia advertises and instructs customers on how to use Windows Speech Commands and/or Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant Nokia knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Nokia had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

86. On information and belief, Defendant Nokia will continue to infringe the '659 patent unless enjoined by this Court.

87. Defendant Nokia's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Nokia's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## JOINDER

88. As discussed in the preceding paragraphs, on information and belief, Defendants infringe the asserted patents by making, using, selling, offering to sell, and/or importing specific accused instrumentalities that are common to Defendants including specific hardware devices and particular software. Thus, Potter Voice Technologies asserts rights to relief against Defendants with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused products.  Moreover, because specific accused instrumentalities and asserted patents are common to Defendants, questions of fact common to Defendants will arise in the action.

## **PRAYER FOR RELIEF**

1.      Wherefore, Potter Voice Technologies respectfully requests that this Court enter judgment against Defendants as follows:

a.      For judgment that Defendants have infringed and continues to infringe the claims of the '659 Patent;

b.      For preliminary and permanent injunction against Defendants and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '659 Patent;

c.      For judgment that Defendant Apple's, Sony's, and Microsoft's acts of infringement and/or inducing infringement have been and are willful;

d.      For an accounting of all damages caused by Defendants' acts of infringement;

e.      For damages to be paid by Defendants adequate to compensate Potter Voice Technologies for Defendants' infringement, including interest, costs and disbursement as justified under 35 U.S.C. § 284;

f.      For judgment finding this to be an exceptional case, and awarding Potter Voice Technologies attorney fees under 35 U.S.C. § 285; and

g.      For such relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Potter Voice demands a trial by jury of all issues triable by a jury.

Dated: July 19, 2012

Respectfully submitted,

*/s/ Christopher D. Banys*
Christopher D. Banys - ***Lead Attorney***

THE LANIER LAW FIRM, P.C.
Christopher D. Banys          SBN: 230038 (California)
Daniel W. Bedell              SBN: 254912 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
(650) 322-9100        (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com

Local Counsel:

RYLEY CARLOCK & APPLEWHITE
F. Brittin Clayton III
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Tel: (303) 813-6713
clayton@rcalaw.com

**ATTORNEYS FOR PLAINTIFF**
**POTTER VOICE TECHNOLOGIES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 19th day of July, 2012.

/s/ Georgia Perivoliotis
Georgia Perivoliotis