IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

       Plaintiff,

v.

APPLE INC., *et al.,*

       Defendants.

## PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

     This matter came before the Court on the Joint Motion for Entry of Protective

Order filed by Plaintiff Potter Voice Technologies LLC ("Plaintiff") and Defendants Apple

Inc., Google Inc., HTC America, Inc., Samsung Telecommunications America, LLC,

Sony Mobile Communications (U.S.A.) Inc., LG Electronics Mobilecomm U.S.A., Inc.,

Motorola Mobility LLC, ZTE (USA) Inc., Kyocera International, Inc., Sharp Electronics

Corp., Huawei Device USA, Inc., Pantech Wireless, Inc., Research In Motion Limited,

Research In Motion Corporation, Microsoft Corporation, and Nokia Inc. (collectively

"Defendants").  Plaintiff and Defendants ("the parties") anticipate that documents,

testimony, or information containing or reflecting confidential, proprietary, trade

secret, and/or commercially sensitive information are likely to be disclosed or

produced during the claim construction phase in this case and request that the Court

enter this Order setting forth the conditions for treating, obtaining, and using such

information.  The fact that the parties have agreed to the Court entering this Order for the claim construction phase of the case does not in any way indicate, and will not be interpreted as, an admission as to the reasonableness or necessity of any of the provisions in this Order for other phases of the case, nor is the omission of any provision or protections an admission that such provision or protections are unreasonable or unnecessary for other phases of the case.  The parties agree that the purpose of this Order is to expedite the production and use of information during the claim construction phase and the parties agree to negotiate at a later date the terms of a protective order covering other phases of the case.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"), and hereby **ORDERS** as follows:

1.     **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, including but not limited to use in other unrelated litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice, other than specifically provided for herein.

(b)     To the extent that any one of Defendants in this litigation provides Protected Material under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that Protected Material with the other Defendants in this litigation, absent express

written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.  The parties shall revisit this provision and any other provisions relating to providing one party's Protected Material to another party after the completion of the claim construction briefing process and before discovery on any other issues, including liability or damages.

(c)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

(d)     Nothing in this Order shall be construed to require a party to produce or disclose documents or information not otherwise required to be produced under the applicable rules or orders of this Court.  Production of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" documents or information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.  Moreover, nothing in this Order creates a presumption or implies that

information designated as Protected Material actually constitutes a trade secret, is proprietary, or is otherwise protectable information.

2.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)   "Outside Counsel" means (i) attorneys at law firms who are of record for a Party or who appear on the pleadings as counsel for a Party, who are not employees of any Party, and (ii) partners, associates, support personnel, technical advisors, paralegals, consultants, legal secretaries, legal clerks, and staff employee by such counsel (excluding Outside Expert or Consultant) working in connection with this case and to whom it is reasonably necessary to disclose the information for this litigation.

(c)   "Patents-in-suit" means U.S. Patent No. 5,729,659, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)   "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.   Protected Material shall not include:   (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(i)     "Outside Expert or Consultant" shall mean any outside person (and their support personnel) who is not an employee of a Party and who is identified as an expert whose opinions may be presented at trial of this case, or who is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation of trial thereof.  This term is to be construed within the meaning of Fed. R. Civ. P. 26(b)(4)(a)-(b).

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     Nothing in this Order shall prevent a Party from seeking the production of other Parties' Protected Material through either the consent of the Producing Party or by order of the Court upon a showing of good cause.

(e)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition of or by any Party, patent reexamination or reissue proceeding, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of

systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination or post-grant review proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals. Nothing in this provision will be applicable to Protected Material produced by Research In Motion Limited or Research In Motion Corporation (collectively "RIM") to Plaintiff or Protected Material produced by Plaintiff to RIM.

(c)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>.    Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the prior written consent of the Producing Party; or (v) pursuant to order of the Court.

(f)    <u>Cross-Production of Defendant Protected Material</u>.  No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.  But nothing herein shall prohibit any Party from propounding discovery requests seeking production of another Party's confidential information nor deny Outside Counsel access to any

Court proceedings, Court opinions, and trial unless a proper request to the Court to deny such access is made and granted.

(g) <u>Disclosure to Author or Recipient</u>.   Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a Party from disclosing Protected Material to any person whom the Protected Material clearly identifies as an author, addressee, or carbon copy recipient of such Protected Material.   In addition, regardless of its designation, if Protected Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the Protected Material.

(h) <u>Disclosure During Depositions</u>.   Except as otherwise approved by the Producing Party or by an order of this Court, a Party may use Protected Material in deposing only: (1) an individual who has had or who is eligible to have access to the Protected Material by virtue of their employment or other relationship with the Producing Party; (2) an individual identified in the Protected Material as an author, addressee, or carbon copy recipient of such information; (3) an individual who, although not identified as an author, addressee, or carbon copy recipient of such Protected Material, has in the ordinary course of business seen such Protected Material; or (4) an individual designated pursuant to Paragraph 12(b) of this Order.

(i) <u>Territorial Restriction</u>.   No Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

("Outside Counsel Only Protected Documents") may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Outside Counsel Only Protected Documents (including copies) in physical and electronic form. The viewing of Outside Counsel Only Protected Documents through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.    Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:    "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)    <u>Written Discovery and Documents and Tangible Things</u>.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations provided for herein may be so

designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents other than Source Code are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process. To the extent a Receiving Party generates copies of any Protected Material, whether electronic or hard-copy, in whole or in part, it shall mark such copies with the appropriate confidentiality designation.

      (c)    <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraphs 8(b)(iii) or 9(b)(iii), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter and videographer shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order

in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions—other than the deponent, deponent's counsel, the court reporter and videographer (if any)—any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Producing Party's Protected Material.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects non-public, confidential, proprietary, and/or commercially sensitive information, including but not limited to Discovery Material that the Producing Party considers to constitute or to contain confidential research, development, commercial, or other information, or information subject to an obligation of confidentiality to a third party or a Court.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, provided that any copying, clerical, or technical litigation support services are located within the United States;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party or the Receiving Party's direct or indirect corporate parents and their subsidiaries who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; and (c) each such person is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984);

(iii)     Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, including his or her clerical and support staff (provided, however, that any support staff that provides professional technical, engineering, accounting, or financial support services must be separately disclosed as an Outside Expert or Consultant in accordance with this Order), provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below. Without either the express prior written consent of the Defendant that produced the Protected Material or Court Order, no Outside Expert or Consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL" Discovery Material produced by another Defendant in this matter;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and court personnel;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing

Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or risk of competitive injury to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation: (i) trade secrets, (ii) technical information, including but not limited to schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, testing documents, and other non-public technical descriptions and/or depictions of the relevant technology; (iii) damages-related information, including but not limited to the number of products sold, total dollar value of sales, cost information, and profit margins; (iv) licensing and/or settlement agreement; (v) organizational charts and employee information; (vi) financial information and data; (vii) customer and vendor lists and agreements; (viii) merger and acquisition activities and information; (ix) product development information; (x) business, marketing, and sales plans and strategies; (xi) price lists and pricing information; and (xii) information subject to an obligation of confidentiality to a third person or a Court.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or

a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, provided that any copying, clerical, or technical litigation support services are located within the United States;

(ii)    Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, including his or her clerical and support staff (provided, however, that any support staff that provides professional technical, engineering, accounting, or financial support must be separately disclosed as an Outside Expert or Consultant in accordance with this Order), provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12(b) below. Without either the express prior written consent of the Defendant that produced the Protected Material or Court order, no Outside Expert or Consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)   The Court, jury, and court personnel;

(v)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party.

(c)   For clarity, in no event shall an employee, officer, or director of any Party to this action or of any competitor of any Party to this action have access to Protected Material relating to merger and acquisition activities, sales, cost, profit, supplier, or customer information, as well as non-public technical information including without limitation Source Code without a Court order or written consent of the Producing Party.

10. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

The Parties agree and understand that Source Code will not be produced during the claim-construction phase of the case. The Parties shall revisit this provision after the completion of the claim construction briefing process.

11. **DISCLOSURE AND REVIEW OF SOURCE CODE**

As stated in Section 10, the Parties agree and understand that Source Code will not be produced during the claim-construction phase of the case. The Parties agree that Source Code shall not be produced until the entry of procedures for the review and handling of Source Code..

12. **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or **Error! Reference source not found.** (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment, personal, and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person, including such Person's education and experience; and (v) a list of the cases in which the Person has testified at deposition or trial, all companies for which the Person has provided consulting services, either directly or through a consulting firm, and all companies by which the Person has been employed, within the last five (5) years.    Said written notice shall include an

identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing, or relating to the acquisition of intellectual property assets relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing, or the acquisition of intellectual property assets relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing.  Any information provided pursuant to this subsection, as appropriate, may itself be designated as Protected Material.

(b)     Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause,

stating with particularity the reason(s) for objection.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the parties reach agreement or the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the Producing Party or Parties from later objecting to continued access to Protected Material by that Person for good cause.  If an objection is made, the Parties

shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.    **DISCOVERY CONCERNING NON-PARTIES**

(a)    The Parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Materials.  In such a case, the non-party who produces such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Materials.

(b)    Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and the Protected Material shall be subject to the restrictions on disclosure specified in this Order.   The foregoing notwithstanding, if a Party has a good faith belief that the production of Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall provide the identity of the non-party to the Receiving Party, and the Receiving Party shall confer with the non-party to resolve the confidentiality issue.  If the Receiving Party and the non-party are unable to resolve the matter, the prospective "Receiving Party" may seek relief from the Court.  No disclosure is required until the matter is resolved by the Court.

(c)     A non-party's use of this Order to designate Protected Materials does not entitle that non-party to access any other Protected Material produced by any Party or other non-party in this case.

14.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the material in question is produced, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.

Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

(iv)    No Party shall be obligated to challenge the propriety of any designation at any time, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary or confidential.

15.   **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with a reasonable opportunity (not less than fourteen (14) business days) to move for a protective order regarding the production of Protected Materials implicated by the subpoena.  However, nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena in another action.

16.   **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order if such filing is made in accordance with Section VI., 6.1, C. or D. of the Electronic Case Filing Procedures, Version 5.1, for the United States District Court for the District of Colorado.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

17.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), attorney-client privilege, work product protection or any other privilege or protection shall not be waived, in this case or in any other Federal or

State proceeding, by inadvertent disclosure.  More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto by the mere fact such documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including, without limitation, during a deposition).  All copies of such document(s) shall be returned to the producing party or be destroyed within five days of such notice.  This provision shall apply in this case, as well as in any other Federal or State proceeding..

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies, summaries, compilations, or derivations thereof to the Producing Party, except for any pages containing privileged markings or information by the Receiving Party which shall instead be destroyed and certified as such in writing by the Receiving Party to the Producing Party.  Further, upon reasonable belief of a Receiving Party that any Producing Party inadvertently has produced to it Discovery Material that is privileged and/or protected, each Receiving Party without request by the Producing Party shall promptly notify the Producing Party about such production and, upon request of the Producing Party, return such Protected Material or Discovery Material and all copies, summaries, compilations, or derivations thereof to the Producing Party.  The Producing Party shall promptly provide a privilege log identifying such inadvertently produced Discovery Material.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material at the time of production with one of the designations or the correct designation provided for under this Order shall not waive the Producing Party's ability to later make any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate or to correctly designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.   Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     Prior to a Receiving Party receiving notice from the Producing Party of the correct confidentiality designation for the Discovery Material, a Receiving Party shall not be in breach of this Order for any use of such Discovery Material that was inconsistent with the corrected designation, unless an objectively reasonable person

would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation or a different confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going-forward basis only.  A subsequent designation shall not disqualify anyone who reviewed  Discovery Materials before receiving notice from the Producing Party that the materials should be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

19.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material subject to the protections conferred by this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable

measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed within thirty (30) days of such return or destruction.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

21.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports and other written materials of Outside Experts and Consultants shall not be discoverable.

(b)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(c)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(d)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(e)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(d) shall be treated as attorney-work product for the purposes of this litigation and Order.

(f)     Nothing in this Protective Order, including Paragraphs 21(a)–(d), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

22. **USE OF PROTECTED INFORMATION AT TRIAL**

The Parties agree that any provisions regarding the use of protected information at trial are not necessary for the claim construction phase of this case.

23. **MISCELLANEOUS**

(a) <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c) <u>Destruction Obligations</u>.  Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes, computer servers, external hard drives, notebooks, personal computer hard drives, or other media that are created for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations.

(d) <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees,

agents, retained consultants and experts, and any persons or organizations over which they have control.

(e)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.   This Order does not address discovery objections nor preclude any Party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power.  By way of non-exclusive example, the provisions for Source Code protection contained herein shall not obligate any Party or non-party to produce Source Code in this action, and all potential objections to the production of Source Code are expressly reserved.

(f)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether certain material is discoverable, whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)     Discovery Rules Remain Unchanged.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Colorado, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Colorado, or the Court's own orders.

(h)     Interpretation.   Should the parties have any issues concerning the interpretation of this Order, before any Party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute.   The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

(i)     No Probative Value.   The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Protected Material.   The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –SOURCE CODE."   This Order shall be without prejudice to the right of any Party to bring before the Court questions regarding (a) whether any particular material is or is not properly

designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the Party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

(j)     Enforcement.     This Order may be enforced by any remedies available to the Court, including but not limited to the Federal Rules of Civil Procedure

DATED at Denver, Colorado, on August 21, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Potter Voice Technologies LLC v. Apple Inc., United States District Court, District of Colorado, Civil Action No. 1:12-cv-01096-REB-CBS. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]