IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

vs.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SONY MOBILE COMMUNICATIONS AB,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, LLC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

    Defendants.

---

## ORDER GRANTING MOTION TO TRANSFER

**Blackburn, J.**

    This matter is before me on **Defendant Apple Inc.'s Motion To Transfer** [#180][1]

filed August 8, 2012.[2]  The plaintiff filed a response [#220], and the defendant filed a

---

    [1] "[#180]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

    [2] The parties stipulate [#266] that the motion to transfer applies to the Fourth Amended Complaint [#271], even though that complaint was filed after the motion to transfer was filed.

reply [#237].  I grant the motion.

In an order entered concurrently with this order, I grant **Defendant Apple Inc.'s Motion To Sever** [#179] filed August 8, 2012.  The claims of the plaintiff, Potter Voice Technologies LLC, against defendant Apple, Inc. are joined in this case improperly with claims against several other defendants.  Potter's claims against Apple have been severed from this case.  In the motion to transfer, Apple seeks an order transferring Potter's claims against Apple to the Northern District of California.

## I.  JURISDICTION

This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This court has jurisdiction over the plaintiff's claims under 28 U.S.C. §§1331 and 1338(a).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), a case may be transferred "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The district court is vested with considerable discretion in determining whether transfer is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991).  Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir. 1967)).  The movant bears the burden of establishing that the existing forum is inconvenient.  *Id*. at 1515.  This is a heavy burden, ***Texas Gulf Sulphur Co.***, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992); ***see also Cargill Inc. v. Prudential Insurance Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).  Merely shifting the burden of inconvenience from one side to the other is not a permissible justification for a change of venue.  ***Employers Mut. Cas. Co. v. Bartile Roofs, Inc.***, 618 F.3d 1153, 1167 (10th Cir. 2010).

### III.  ANALYSIS

Potter asserts patent infringement claims against Apple.  Potter Voice Technologies LLC is an entity formed under Colorado law by Timothy Salmon, who resides in Allentown, Pennsylvania.  *Motion* [#180], Declaration of Eamonn Gardner [#180-2].  Mr. Salmon is an officer of Empire IP LLC, a "licensing and monetization company," based in New York.  *Id*.  The only known asset of Potter is U.S. Patent No. 5,729,659 ('659 patent), which Empire IP assigned to Potter just before the initial complaint in this case was filed.  *Id*., Exhibit 2.  Jerry Potter is the inventor of the '659 patent and a resident of Colorado.

Apple designs, markets, sells, and distributes consumer electronic products, including the iPhone 4S accused of infringement in this case.  Apple is incorporated under the laws of California and has its worldwide headquarters in Cupertino, California, in the Northern District of California. Research, design, and development efforts related to the accused Apple products are centered in and directed from Apple's Cupertino headquarters.  Decisions regarding distribution and marketing of the accused products

3

also occur in Cupertino.

According to Apple, Potter's claims against Apple should be transferred to the Northern District of California.  Apple cites several of the relevant § 1404(a) factors, including convenience of the witnesses, availability of evidence, cost, docket congestion, and localized interests.  Further, Apple argues that, given the circumstances of this case, Potter's choice of forum is not a relevant factor in the transfer analysis. In response, Potter argues that Apple has not met the heavy burden of establishing that the District of Colorado is an inconvenient forum.

### A.  § 1404(a) Factors

**1.  Venue in the Northern District of California**: (A)ny civil action for patent infringement may be brought in the judicial district where the defendant resides," 28 U.S.C. §1400(b).  Thus, venue for this action would be proper in the Northern District of California.

**2.  Accessibility of Witnesses and Other Proof**:  The convenience of witnesses is the most important factor in deciding a motion under § 1404(a). *Employers Mut. Cas.*, 618 F.3d at 1169. In analyzing the accessibility of witnesses, the convenience of non-party witnesses weighs more heavily than the convenience of parties and their employees. *See, e.g., Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1043 (S.D. Tex. 2007).

Apple asserts that all of its likely witnesses reside in the Northern District of California, near Apple's offices in that district.  Potter accuses Apple's software and an Apple device of infringing Potter's patent.  The accused products were designed and developed in the Northern District of California. The foreseeable Apple witnesses with knowledge regarding the research, design, and development of the accused products

4

reside in or near Cupertino. The overall marketing planning, including overall sales and pricing decisions, for the above products and services took place in Cupertino. In addition, virtually all Apple business documents and records relating to the research, design, and development for the above products and services are located in Cupertino.

Potter faults Apple for not listing specific witnesses it will need in this case in support of its motion. Often, such a listing is useful in a § 1404 analysis. In this case, however, because essentially all of Apple's research, design, development, and marketing activities take place in the Northern District of California, I find that the lack of a list of specific witnesses is of little consequence. Potter notes that the inventor of the '659 patent, Jerry Potter, is a resident of Colorado and is "the sole witness who could speak about the inventions disclosed in the patent-in-suit." *Response* [#220], p. 5. I note also that Potter's lead counsel is located in the Northern District of California.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." **In re Genentech, Inc.**, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotation and citation omitted). The record in this case demonstrates that the vast bulk of the likely witnesses and the vast bulk of the relevant documents are located in the Northern District of California. On the other hand, one witness for the plaintiff resides in Colorado. The fact that the vast majority of the witnesses and evidence relevant to this case are located in the Northern District of California weighs in favor of transfer.

**3. Plaintiff's Choice of Forum**: Generally, a plaintiff's choice of forum carries some weight in a venue analysis. Courts accord little weight to a plaintiff's choice of forum when the facts giving rise to the lawsuit have no material relation or significant

connection to the plaintiff's chosen forum.  *Employers Mut. Cas.* , 618 F.3d at 1168.  Potter argues that because both the plaintiff and the inventor of the patent are Colorado residents, the plaintiff's choice of forum should be given significant weight.  The infringements alleged in the complaint take place in Colorado, but they also take place in every other district in the country.  Given the fact that the plaintiff is a recently formed Colorado entity and that the infringements alleged in this case are not tied to Colorado any more than to other states and districts, I conclude that the plaintiff's choice of forum carries little weight in this case.

    **4. Costs**: Apple notes that it would be more expensive for several Apple witnesses to travel to Colorado for trial than it would be for Potter's one witness, Jerry Potter, to travel to California for trial.  Counsel for both Potter and Apple are located in the Northern District of California.  Given these circumstances, it clearly would be less costly to try this case in the Northern District of California than it would be to try this case in the District of Colorado.  This factor weighs in favor of transfer.

    **5. Docket Congestion**: Apple cites statistics indicating that the docket is less congested in the Northern District of California than it is in the District of Colorado.  Apple asserts that for patent cases in the Northern District of California, the median time from filing to trial is over three months shorter in the Northern District of California.  Assuming Apple's data is correct, this factor weighs in favor of transfer, but only slightly.

    **6. Other Factors**: The other factors relevant to a § 1404 analysis are neutral as applied to this case.

### B.  Conclusion

All but one of the relevant factors weigh in favor of a transfer of Potter's claims against Apple to the Northern District of California.  Therefore, I order a transfer of

Potter's claims against Apple to the Northern District of California. As noted above, Potter's claims against Apple have been ordered severed from the claims against the other defendants in this case. Severance of the claims against Apple followed by an order for transfer of the claims against Apple is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1518-19 (10th Cir. 1991).

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Apple Inc.'s Motion To Transfer** [#180] filed August 8, 2012, is **GRANTED**; and

2. That under 28 U.S.C. § 1404(a), the claims of the plaintiff, Potter Voice Technologies LLC, against defendant, Apple, Inc., as stated in the plaintiff's fourth amended complaint [#271] are **TRANSFERRED** to the United States District Court for the Northern District of California.

Dated March 29, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge