**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

       Plaintiff,

vs.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SONY MOBILE COMMUNICATIONS AB,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, LLC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

       Defendants.

---

**ORDER DENYING MOTIONS TO DISMISS**

---

**Blackburn, J.**

This matter is before me on the following: (1) **HTC America, Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#168][1] filed August 7, 2012; (2) **Defendant Apple Inc.'s Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)** [#175] filed August 7, 2012; (3) **Google Inc.'s**

---

[1] "[#168]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Motion to Dismiss Plaintiff's Claim for Inducement of Infringement in the Third Amended Complaint** [#181] filed August 10, 2012; (4) **Motorola Mobility LLC's Motion To Dismiss Plaintiff's Claim for Inducement of Infringement in the Third Amended Complaint** [#182] filed August 10, 2012; (5) **Sony Mobile Communications (U.S.A.) Inc.'s Motion To Dismiss under Fed. R. Civ. P. 12(b)(6)** [#183] filed August 10, 2012; (6) **ZTE (USA) Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#184] filed August 10, 2012. The plaintiffs filed responses [#217, #218, #221, #222, #223, #224], and the defendants filed replies [#230, #232, #234, #235, #238, #241]. In a separate order, I address the arguments of defendants HTC America and ZTE (USA) concerning misjoinder, as argued in their motions to dismiss. The motions to dismiss above address the plaintiff's fourth amended complaint [#271].[2] I deny Apple's motion to dismiss without prejudice. I grant each of the other motions to dismiss.

## I. JURISDICTION

This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This court has jurisdiction over the plaintiff's claims under 28 U.S.C. §§1331 and 1338(a).

## II. STANDARD OF REVIEW

In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However,

---

[2] The parties stipulate, see [#266], that the motions to dismiss apply to the Fourth Amended Complaint [#271], even though that complaint was filed after the motions to dismiss were filed.

conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Burnett v. Mortgage Elec. Registration Sys., Inc***., ___ F.3d ___, ____, 2013 WL 386283, *2  - *3  (10th Cir. 2013); ***Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 538 U.S. 999 (2003).  I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th  Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)); ***see also Ashcroft v. Iqbal***, 556 U.S. 662 (2009); ***Burnett***., ___ F.3d ____, 2013 WL 386283, *2 - *3.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[3]  Nevertheless, the standard

---

[3] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Dias v. City and County of Denver**, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting **Twombly**, 550 U.S. at 556) (internal quotation marks omitted).  I must assume the truth of all well-pleaded facts in the complaint, and I must draw all reasonable inferences therefrom in the light most favorable to the plaintiffs.  **Dias v. City & County of Denver**, 567 F.3d 1169, 1178 (10th Cir. 2009)

### III.  ANALYSIS

#### A.  Motion of Apple, Inc.

In separate orders entered concurrently with this order, I sever the plaintiff's claims against Apple and order that the plaintiff's claims against Apple are transferred to the Northern District of California.  Given that impending transfer, I deny Apple's motion to dismiss [#175] without prejudice.  It is more appropriate for that motion to be addressed by a judge in the Northern District of California.

#### B.  Allegations of Induced Infringement

Each of the defendants who filed a motion to dismiss argues that the allegations in the plaintiff's complaint are not sufficient to state a claim for inducement of infringement.  To allege induced infringement, the plaintiff must allege direct infringement by another, knowing inducement of that infringement by the defendant, and the defendant's specific intent to encourage another's infringement.  **Toshiba Corp. v. Imation Corp.**, 681 F.3d 1358, 1363 (Fed. Cir. 2012).  In addition, the plaintiff must allege that the defendant had knowledge of the plaintiff's patent.  **Global-Tech**

---

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations and footnote omitted).

*Appliances, Inc. v. SEB S.A.*, ___ U.S. ___, ___, 131 S. Ct. 2060, 2068-69 (2011).

"The requirement that the alleged infringer knew or should have known his actions

would induce actual infringement necessarily includes the requirement that he or she

knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir.

2006).

The patent in issue in this case is the '659 patent owned by the plaintiff, Potter

Voice Technologies, Inc.  In its complaint, Potter avers as to each of the moving

defendants that they had knowledge of Potter's patent "from the service date of the

initial Complaint forward." *See, e.g.*, ¶ 48.[4]  The defendants argue that knowledge first

gained when a lawsuit is filed alleging induced infringement is not sufficient to support a

claim of induced infringement.  I disagree.  An allege violation or infringement can

continue beyond the date on which a civil action was filed.  The allegations in the

complaint properly are read to allege past and continuing infringement of the plaintiff's

patent.  For the purpose of allegedly induced infringements occurring after the date of

the filing of the initial complaint, an allegation of knowledge gained with the filing of the

initial complaint is sufficient.  I disagree with the cases cited by the defendants which

hold that knowledge of a patent gained solely from the filing of a complaint is not

sufficient.  *See, e.g.*, *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D.

Del. 2009).

As to some defendants, the plaintiff  allegations of knowledge of the plaintiff's

patent are based on knowledge allegedly gained during the prosecution of other

patents.  ¶ 43.  Whether such knowledge can be imputed to a particular defendant

---

[4]  I refer to the complaint [#271] by paragraph number.

named in this case presents is debatable.  However, as to each defendant, the plaintiff

alleges knowledge based on the filing of the initial complaint in this case.  As discussed

above, the allegation of such knowledge is sufficient to state a claim.

The defendants argue also that the plaintiff has not alleged specific facts

concerning knowing inducement of the plaintiff's patent by the defendants.  For the

purposes of Rule 8, I conclude that the allegations in the complaint are sufficient to

plead knowing inducement.  The plaintiff alleges that the defendants knew of the

plaintiffs patent, that other software used by the defendants infringes the patent, and

that the defendants actively induce their customer to use the infringing software.  Of

course, whether or not the accused software actually infringes the plaintiff's patent is an

issue that is hotly disputed, as are issues surrounding what each defendant knew and

when.  But, assuming the specific factual allegations in the complaint to be true, and

drawing all reasonable inferences from those allegations in favor of the plaintiff, I

conclude that the plaintiff's allegations of knowing inducement are sufficient.[5]

The defendants argue also that the plaintiff has not alleged intentional

inducement with sufficient particularity.  Generally, the plaintiff alleges that the

defendants who make and sell mobile phone handsets on which the allegedly infringing

software can be run instruct their customers about how to run infringing software, such

as Goofle Voice Search and/or Google Voice Actions.  ¶ 48.  Those instructions

allegedly are distributed via the defendant's individual websites.  ¶ 48.  Given the

sufficient allegations of the defendants' knowledge, it is reasonable to infer that the

defendants' distribution of instructions about how to run infringing software on the

---

[5]   On this issue, I note specifically that knowledge may be alleged generally, even when the heightened pleading requirements of Rule 9(b) are applicable.  Rule 9(b) does not apply here.

defendants' devices demonstrates intentional inducement.  Other inferences are possible but, at the moment, all reasonable inferences must be drawn in favor of the plaintiff.

### IV.  CONCLUSION & ORDERS

Apple's motion to dismiss is denied without prejudice.  It is more appropriate for that motion to be addressed by a judge in the Northern District of California, after the plaintiff's claims against Apple are transferred to that district.  The allegations in the plaintiff's complaint [#271] are sufficient to state claims for induced infringement against the defendants who seek dismissal of those claims. The motions to dismiss of defendants other than Apple are denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **HTC America, Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#168] filed August 7, 2012, is **DENIED**;

2.  That **Defendant Apple Inc.'s Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)** [#175] filed August 7, 2012, is **DENIED** without prejudice;

3.  That  **Google Inc.'s Motion to Dismiss Plaintiff's Claim for Inducement of Infringement in the Third Amended Complaint** [#181] filed August 10, 2012, is **DENIED**;

4.  That  **Motorola Mobility LLC's Motion To Dismiss Plaintiff's Claim for Inducement of Infringement in the Third Amended Complaint** [#182] filed August 10, 2012, is **DENIED**;

5.  That  **Sony Mobile Communications (U.S.A.) Inc.'s Motion To Dismiss**

under Fed. R. Civ. P. 12(b)(6) [#183] filed August 10, 2012, is **DENIED**; and

      6.  That  **ZTE (USA) Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#184] filed August 10, 2012, is **DENIED**.

      Dated March 29, 2013, at Denver, Colorado.

                     **BY THE COURT:**

                     Robert E. Blackburn
                     United States District Judge