IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

vs.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SONY MOBILE COMMUNICATIONS AB,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, LLC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

    Defendants.

## ORDER DENYING MOTION TO STAY CLAIMS

**Blackburn, J.**

    This matter is before me on **Google Inc.'s Motion To Stay Claims** [#128][1] filed July 6, 2012. The plaintiff filed a response [#155]. I deny the motion.

    In its complaint [#271], the plaintiff, Potter Voice Technologies LLC, alleges that the defendants are violating the plaintiff's patent. Potter's patent allegedly concerns

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

voice recognition software.  Software known as Google Voice Actions is alleged to infringe Potter's patent.  In addition to its claims against Google, Potter asserts claims against manufacturers of mobile phone handsets.  Some of those claims allege that Google Voice Actions can be run on a particular handset and use of Google Voice Actions on a particular handset infringes Potter's patent.  In its motion to stay, Google asks that the claims against handset manufacturers be stayed to the extent those claims are based on the use of Google Voice Actions.

The Federal Rules of Civil Procedure do not provide explicitly for a stay of proceedings.  However, this court has construed FED. R. CIV. P. 26(c) to permit a stay of discovery under some circumstances.  *See, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  In *String Cheese Incident*, the court noted five, relevant, non-exhaustive considerations, none of which is dispositive or preponderant: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Id*.

Google argues that the first three factors are relevant here and augur in favor of a stay of claims based on Google Voice Actions asserted against handset manufacturers. According to Google, it is in the best position to defend its own product, Google Voice Actions.  Google asserts that a stay would prevent the imposition of an inequitable burden on handset manufacturers – the burden of defending a product about which they have little knowledge.  Finally, in Google's estimation, a stay would permit the court to focus on the merits of the plaintiff's claims rather than on managing an unwieldy, disparate group of more than 15 defendants.

In response, Potter asserts that its interest in promptly pursuing all of its claims against all defendants should not be impaired by staying some of its claims against some defendants. In addition, Potter argues that piecemeal litigation would not be efficient and that a stay will make this case more complicated rather than less complicated.

There is little doubt that Google is in the best position to defend its product, Google Voice Actions. However, there is little, if any, indication that the defendant handset manufacturers face the inequitable or onerous burden of defending Google Voice Actions in the course of defending the claims against handset manufacturers. If the progress of this case is typical, and it appears that it will be, the defendant handset makers will rely on Google's defense of its product and will rely on the court's determination of the infringement claims against Google in defending the specific claims based on use of Google's software on a particular handset. Given the posture of this case, I conclude that a stay would not make management of this case more efficient or less difficult for the court or the parties. Given these circumstances, I conclude that it is not appropriate to stay the plaintiff's prosecution of some of its claims to give Google the exclusive right to defend its product.

**THEREFORE, IT IS ORDERED** that **Google Inc.'s Motion To Stay Claims** [#128] field July 6, 2012, is **DENIED**.

Dated March 29, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3