UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Potter Voice Technologies LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Apple Inc.,<br><br>    Defendant. | Case No. 4:13-cv-01710-CW<br><br>**E-DISCOVERY ORDER** |

Plaintiff Potter Voice Technologies LLC ("Plaintiff") and Defendant Apple Inc. ("Defendant") conferred pursuant to Federal Rule of Civil Procedure 26(f). The parties agree regarding the standards for e-discovery and electronically stored information in this case and submit the following Proposed E-Discovery Order:

**Proposed E-Discovery Order**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Joint Proposed E-Discovery Order ("Order"):

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. Costs will be shifted for disproportionate ESI production requests pursuant to

Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause or agreement of the parties. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests, if any, shall only be propounded for specific issues, rather than general discovery of a product or business.

7. By November 8, 2013, each party will provide to the other party a list of fifteen e-mail custodians affiliated with the party (which may include current and/or former employees) who the party believes to be relevant e-mail custodians in view of the pleaded claims and defenses and discovery disclosures exchanged to date. The list of custodians shall include the names and titles of each custodian, as well as dates of employment. Defendant's list of custodians shall also include an identification of the portion(s) of Siri on which the custodian has worked. Plaintiff's list of custodians shall also include each custodian's relationship to the litigation. Email production requests, if any, shall be phased after November 29, 2013.

8. Email production requests, if any, shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

9. Each requesting party shall limit any email production requests to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size,

1 complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. The parties will provide documents and ESI in one of the following formats: (1)

native format with appropriate accompanying Concordance or Summation load files; (2) in single page TIFF format with appropriate accompanying Concordance or Summation load files and extracted text or OCR text files; or (3) in PDFs. For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF. The parties, however, reserve the right to request the production of any particular ESI document in its native format. The parties agree to meet and confer to attempt to accommodate such requests. The Concordance or Summation load files will contain the custodian of the document and the Bates number of the document. If documents are produced as PDFs, the PDFs will be accompanied with Bates numbers and identification of the custodian for each document. The load files will contain beginning and ending Bates numbers, To/From/CC/ email fields, and any parent email to child attachment relationship, to the extent the native file contains the email fields and parent/child relationship.

15. To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, the parties will meet and confer in good faith concerning such alternative production arrangements. The parties will also meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system and the parties agree to conduct additional meet and confer conferences, as necessary, to attempt to reach further agreement on electronic document production.

16. Locations That Will Not Be Searched for Responsive Documents. The following locations will not be searched under any circumstances, and as such need not be preserved: information stored on personal digital assistants, mobile phones, voicemail systems, instant messaging systems, and automated disaster recovery backup systems and/or disaster recovery backup tapes. In addition, the parties agree that only sent and received custodial emails will be searched. Notwithstanding the foregoing, the parties agree that Responsive Documents that a

Custodian indicates are stored on an archival storage medium that the Custodian can readily identify and locate, that cannot be located in any other repository of information, and that can reasonably be searched, will be searched. In addition, nothing in this paragraph shall limit a receiving party's right to request from a producing party more information about the nature of and burden associated with obtaining documents from a particular location. The parties further recognize their obligations to preserve any potentially relevant sources of data, whether live or in archival form, for purposes of this litigation.

17. Excluded File Types and Extensions: In addition to email, as discussed above, a party is generally not required to search, review, collect, or produce the following categories of electronic files except when those files are relevant and attached or identified in a text file, or specifically requested by a party (subject to any appropriate objections that may be lodged):

    a. system or executable files (.exe, .dll, etc.);

    b. audio, video, or audio-visual information, including telephonic recordings or voicemail (e.g., .wav, .mp3, .avi, .swf, etc.), unless the responsiveness of specific files is made known to counsel during search, review, collection, or production of other responsive information;

    c. unreadable or corrupt files;

    d. data from BlackBerry™ or other smartphone devices where the producing party believes based on its standard practices that the information contained therein is expected to be duplicative of other sources (e.g., other email systems);

    e. materials retained primarily for backup or disaster recovery purposes;

    f. "embedded" materials (e.g., Microsoft Office files embedded within Microsoft Office files such as Word and PowerPoint) not including e-mail attachments, subject to the requesting party's right to request specific "embedded" material in specific produced documents; and

    g. any other file types subsequently agreed by the parties.

| | | |
|---|---|---|
| 1 | Dated: October 30, 2013 | */s/ Jennifer C. Lu* |

Christopher D. Banys (State Bar No. 230038)
Richard C. Lin    (State Bar No. 209233)
Jennifer C. Lu    (State Bar No. 255820)
cdb@banyspc.com
rcl@banyspc.com
jcl@banyspc.com
BANYS, P.C.
1032 Elwell Court, Suite 100
Palo Alto, California 94303
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

*Attorneys for Plaintiff*
*Potter Voice Technologies LLC*

Dated: October 30, 2013    */s/ Timothy S. Teter*

Stephen Neal (170085)
nealsc@cooley.com
Timothy S. Teter (171451)
teterts@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Eamonn Gardner (admitted pro hac vice)
egardner@cooley.com
Matthew Leary (admitted pro hac vice)
mleary@cooley.com
Cooley LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

*Attorneys for Defendant Apple Inc.*

ATTESTATION: I, Timothy S. Teter, am the ECF User whose identification and password are being used to file this Joint Proposed E-Discovery Order for Apple Inc. and Potter Voice Technologies, Inc. I hereby attest that Jennifer C. Lu has concurred in this filing.

*/s/ Timothy S. Teter*

**IT IS SO ORDERED.**

Dated: 10/30/2013

_____
United States District Judge Wilken