UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Potter Voice Technologies LLC, | Case No.  4:13-cv-01710-CW |
| Plaintiff, | **PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| v. | |
| Apple Inc., | |
| Defendants. | |

Plaintiff Potter Voice Technologies LLC ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case.  Accordingly, the Parties request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1.     PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall

1   be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

2   any other purpose whatsoever, including but not limited to use in other unrelated litigations, use

3   for business purposes, or use for patent prosecution or for providing strategic patent prosecution

4   advice, other than specifically provided for herein.

5           (b)     The Parties acknowledge that this Order does not confer blanket

6   protections on all disclosures during discovery, or in the course of making initial or supplemental

7   disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not

8   be made absent a good faith belief that the designated material satisfies the criteria set forth

9   below.  If it comes to a Producing Party's attention that designated material does not qualify for

10  protection at all, or does not qualify for the level of protection initially asserted, the Producing

11  Party must promptly notify all Receiving Parties that it is withdrawing or changing the

12  designation.

13          (c)     Nothing in this Order shall be construed to require a party to produce or

14  disclose documents or information not otherwise required to be produced under the applicable

15  rules or orders of this Court.   Production of "CONFIDENTIAL," "CONFIDENTIAL –

16  OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS'

17  EYES ONLY – SOURCE CODE" documents or information under this Order shall not prejudice

18  the right of any party making that production or disclosure to maintain the trade secret status or

19  confidentiality of that information in other contexts.  Moreover, nothing in this Order creates a

20  presumption or implies that information designated as Protected Material actually constitutes a

21  trade secret, is proprietary, or is otherwise protectable information.

22      **2.      <u>DEFINITIONS</u>**

23          (a)     "Discovery Material" means all items or information, including from any

24  non-party, regardless of the medium or manner generated, stored, or maintained (including,

25  among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or

26  generated in connection with discovery or Rule 26(a) disclosures in this case.

27          (b)     "Outside Counsel" means (i) attorneys at law firms who are of record for a

28  Party or who appear on the pleadings as counsel for a Party, who are not employees of any Party,

1   and (ii) partners, associates, support personnel, technical advisors, paralegals, consultants, legal

2   secretaries, legal clerks, and staff employee by such counsel (excluding Outside Expert or

3   Consultant) working in connection with this case and to whom it is reasonably necessary to

4   disclose the information for this litigation.

5           (c)     "Patents-in-suit" means U.S. Patent No. 5,729,659, and any other patent

6   asserted in this action, as well as any related patents, patent applications, provisional patent

7   applications, continuations, and/or divisionals.

8           (d)     "Party" means any party to this case, including all of its officers, directors,

9   employees, consultants, retained experts, and Outside Counsel and their support staffs.

10          (e)     "Producing Party" means any Party or non-party that discloses or produces

11  any Discovery Material in this case.

12          (f)     "Protected Material" means any Discovery Material that is designated as

13  "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

14  "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided

15  for in this Order.  Protected Material shall not include:  (i) advertising materials that have been

16  actually published or publicly disseminated; and (ii) materials that show on their face they have

17  been disseminated to the public.

18          (g)     "Receiving Party" means any Party who receives Discovery Material from

19  a Producing Party.

20          (h)     "Source Code" means computer code, scripts, assembly, object code,

21  source code listings and descriptions of source code, object code listings and descriptions of

22  object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files

23  that describe the hardware design of any ASIC or other chip.

24          (i)     "Outside Expert or Consultant" shall mean any outside person (and their

25  support personnel) who is not an employee of a Party and who is identified as an expert whose

26  opinions may be presented at trial of this case, or who is retained or specially employed in

27  anticipation of litigation or preparation for trial and who is not expected to be called as a witness

28  at trial, including but not limited to a proposed expert witness with whom counsel may deem it

1   necessary to consult concerning technical, financial, or other aspects of this case for the

2   preparation of trial thereof.  This term is to be construed within the meaning of Fed. R. Civ. P.

3   26(b)(4)(a)-(b).

4   **3.** **COMPUTATION OF TIME**

5   The computation of any period of time prescribed or allowed by this Order shall be

6   counted in actual calendar days.

7   **4.** **SCOPE**

8   (a)   The protections conferred by this Order cover not only Discovery Material

9   governed by this Order as addressed herein, but also any information copied or extracted

10   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

11   conversations, or presentations by Parties or their counsel in court or in other settings that might

12   reveal Protected Material.

13   (b)   Nothing in this Protective Order shall prevent or restrict a Producing

14   Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

15   Order shall preclude any Producing Party from showing its Protected Material to an individual

16   who prepared the Protected Material.

17   (c)   Nothing in this Order shall be construed to prejudice any Party's right to

18   use any Protected Material in court or in any court filing with the consent of the Producing Party

19   or by order of the Court.

20   (d)   Nothing in this Order shall prevent a Party from seeking the production of

21   other Parties' Protected Material through either the consent of the Producing Party or by order of

22   the Court upon a showing of good cause.

23   (e)   This Order is without prejudice to the right of any Party to seek further or

24   additional protection of any Discovery Material or to modify this Order in any way, including,

25   without limitation, an order that certain matter not be produced at all.

26   **5.** **DURATION**

27   Even after the termination of this case, the confidentiality obligations imposed by this

28   Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

1   otherwise directs.

2   **6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

3   (a)   Basic Principles.  All Protected Material shall be used solely for this case

4   or any related appellate proceeding, and not for any other purpose whatsoever, including without

5   limitation any other litigation, patent prosecution or acquisition of or by any Party, patent

6   reexamination or reissue proceeding, or any business or competitive purpose or function.

7   Protected Material shall not be distributed, disclosed or made available to anyone except as

8   expressly provided in this Order.

9   (b)   Patent Prosecution Bar.  Absent the written consent of the Producing Party,

10  any person who receives one or more items designated "CONFIDENTIAL," "CONFIDENTIAL

11  – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS'

12  EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the

13  following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing,

14  and/or amending of patent applications, specifications, claims, and/or responses to office actions,

15  or otherwise affecting the scope of claims in patents or patent applications relating to the

16  functionality, operation, and design of systems or methods for voice recognition and/or speech

17  analysis for applications including, but not limited to, voice controlled computing (generally or as

18  described in any patent in suit), before any foreign or domestic agency, including the United

19  States Patent and Trademark Office; and (ii) the acquisition of patents (including patent

20  applications), or the rights to any such patents or patent applications with the right to sublicense,

21  relating to the functionality, operation, and design of systems or methods for voice recognition

22  and/or speech analysis for applications including, but not limited to, voice controlled computing.

23  These prohibitions are not intended to and shall not preclude counsel from participating in

24  proceedings on behalf of a Party challenging the validity of any patent, and these prohibitions are

25  not intended to and shall not preclude counsel for Plaintiff from participating in reexamination,

26  inter partes review, covered business method review, or reissue proceedings to defend the validity

27  of any challenged patent, but counsel for Plaintiff may not participate in the crafting of amended

28  claims in any such proceedings.     These prohibitions shall begin when access to

"CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     <u>Secure Storage, No Export.</u> Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States.  In addition, Protected Material may not be shown to, provided to, or released to any foreign national (even if within the United States) unless that foreign national is a currently working and living full time in the United States and the Receiving Party provides the Producing Party at least seven (7) days advance notice of any such disclosure.

(d)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the prior written consent of the Producing Party; or (v) pursuant to order of the Court.

(f)     <u>Disclosure to Author or Recipient</u>.  Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a Party from disclosing Protected Material to any person whom the Protected Material clearly identifies as an author, addressee, or carbon copy recipient of such Protected Material.  In addition, regardless of its designation, if

Protected Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the Protected Material.

(g) Disclosure During Depositions. Except as otherwise approved by the Producing Party or by an order of this Court, a Party may use Protected Material in deposing only: (1) an individual who has had or who is eligible to have access to the Protected Material by virtue of their employment or other relationship with the Producing Party; (2) an individual identified in the Protected Material as an author, addressee, or carbon copy recipient of such information; (3) an individual who, although not identified as an author, addressee, or carbon copy recipient of such Protected Material, has in the ordinary course of business seen such Protected Material; or (4) an individual designated pursuant to Paragraph 12(b) of this Order.

(h) Territorial Restriction. No Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("Outside Counsel Only Protected Documents") may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Outside Counsel Only Protected Documents (including copies) in physical and electronic form. The viewing of Outside Counsel Only Protected Documents through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

## 7. DESIGNATING PROTECTED MATERIAL

(a) Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 4:13-cv-01710-CW

7.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations provided for herein may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents other than Source Code are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process. To the extent a Receiving Party generates copies of any Protected Material, whether electronic or hard-copy, in whole or in part, it shall mark such copies with the appropriate confidentiality designation.

(c) <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraphs 8(b)(iii) or 9(b)(iii), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may

Cooley LLP
Attorneys At Law
Palo Alto

Case No. 4:13-cv-01710-CW

8.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

1   designate depositions and other testimony with the appropriate designation by indicating on the

2   record at the time the testimony is given or by sending written notice of how portions of the

3   transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the

4   testimony.  If no indication on the record is made, all information disclosed during a deposition

5   shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time

6   within which it may be appropriately designated as provided for herein has passed.  Any Party

7   that wishes to disclose the transcript, or information contained therein, may provide written notice

8   of its intent to treat the transcript as non-confidential, after which time, any Party that wants to

9   maintain any portion of the transcript as confidential must designate the confidential portions

10  within fourteen (14) days, or else the transcript may be treated as non-confidential.   Any

11  Protected Material that is used in the taking of a deposition shall remain subject to the provisions

12  of this Protective Order, along with the transcript pages of the deposition testimony dealing with

13  such Protected Material.  In such cases the court reporter and videographer shall be informed of

14  this Protective Order and shall be required to operate in a manner consistent with this Protective

15  Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall

16  be marked by the video technician to indicate that the contents of the videotape are subject to this

17  Protective Order, substantially along the lines of "This videotape contains confidential testimony

18  used in this case and is not to be viewed or the contents thereof to be displayed or revealed except

19  pursuant to the terms of the operative Protective Order in this matter or pursuant to written

20  stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from

21  oral depositions—other than the deponent, deponent's counsel, the court reporter and

22  videographer (if any)—any person who is not authorized by this Protective Order to receive or

23  access Protected Material based on the designation of such Protected Material.  Such right of

24  exclusion shall be applicable only during periods of examination or testimony regarding such

25  Producing Party's Protected Material.

26      **8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

27          (a)     A   Producing   Party   may   designate   Discovery   Material   as

28  "CONFIDENTIAL" if it contains or reflects non-public, confidential, proprietary, and/or

1    commercially sensitive information, including but not limited to Discovery Material that the

2    Producing Party considers to constitute or to contain confidential research, development,

3    commercial, or other information, or information subject to an obligation of confidentiality to a

4    third party or a Court.

5         (b)    Unless otherwise ordered by the Court, Discovery Material designated as

6    "CONFIDENTIAL" may be disclosed only to the following:

7         (i)    The Receiving Party's Outside Counsel, such counsel's immediate

8    paralegals and staff, and any copying or clerical litigation support services working at the

9    direction of such counsel, paralegals, and staff, provided that any copying, clerical, or technical

10   litigation support services are located within the United States;

11        (ii)    Not more than three (3) representatives of the Receiving Party who

12   are officers or employees of the Receiving Party or the Receiving Party's direct or indirect

13   corporate parents and their subsidiaries who may be, but need not be, in-house counsel for the

14   Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably

15   necessary for this case, provided that:  (a) each such person has agreed to be bound by the

16   provisions of the Protective Order by signing a copy of Exhibit A; (b) no unresolved objections to

17   such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12

18   below; and (c) each such person is not involved in competitive decision-making, as defined by

19   *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984);

20        (iii)    Any Outside Expert or Consultant retained by the Receiving Party

21   to assist in this action, including his or her clerical and support staff (provided, however, that any

22   support staff that provides professional technical, engineering, accounting, or financial support

23   services must be separately disclosed as an Outside Expert or Consultant in accordance with this

24   Order), provided that disclosure is only to the extent necessary to perform such work; and

25   provided that: (a) each such person has agreed to be bound by the provisions of the Protective

26   Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer,

27   director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

28   retention to become an officer, director or employee of a Party or of a competitor of a Party; (c)

1   such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel*

2   *v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of

3   a Party; (d) such expert or consultant accesses the materials in the United States only, and does

4   not transport them to or access them from any foreign jurisdiction; and (e) no unresolved

5   objections to such disclosure exist after proper notice has been given to all Parties as set forth in

6   Paragraph 12 below.

7              (iv)    Court reporters, stenographers and videographers retained to record

8   testimony taken in this action;

9              (v)     The Court, jury, and court personnel;

10             (vi)    Graphics, translation, design, and/or trial consulting personnel,

11   having first agreed to be bound by the provisions of the Protective Order by signing a copy of

12   Exhibit A;

13             (vii)   Mock jurors who have signed an undertaking or agreement agreeing

14   not to publicly disclose Protected Material and to keep any information concerning Protected

15   Material confidential;

16             (viii)  Any mediator who is assigned to hear this matter, and his or her

17   staff, subject to their agreement to maintain confidentiality to the same degree as required by this

18   Protective Order; and

19             (ix)    Any other person with the prior written consent of the Producing

20   Party.

21     **9.      DISCOVERY   MATERIAL   DESIGNATED   AS   "CONFIDENTIAL   –**
       **OUTSIDE ATTORNEYS' EYES ONLY"**
22

23             (a)     A   Producing   Party   may   designate   Discovery   Material   as

24   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects

25   information that is extremely confidential and/or sensitive in nature and the Producing Party

26   reasonably believes that the disclosure of such Discovery Material is likely to cause economic

27   harm or risk of competitive injury to the Producing Party.  The Parties agree that the following

28   information, if non-public, shall be presumed to merit the "CONFIDENTIAL – OUTSIDE

1  ATTORNEYS' EYES ONLY" designation: (i) trade secrets, (ii) technical information, including

2  but not limited to schematic diagrams, manufacturing and engineering drawings, engineering

3  notebooks, specifications, research notes and materials, technical reference materials, testing

4  documents, and other non-public technical descriptions and/or depictions of the relevant

5  technology; (iii) damages-related information, including but not limited to the number of products

6  sold, total dollar value of sales, cost information, and profit margins; (iv) licensing and/or

7  settlement agreement; (v) organizational charts and employee information; (vi) financial

8  information and data; (vii) customer and vendor lists and agreements; (viii) merger and

9  acquisition activities and information; (ix) product development information; (x) business,

10  marketing, and sales plans and strategies; (xi) price lists and pricing information, financial data,

11  sales information, sales or marketing forecasts or plans, business plans, sales or marketing

12  strategy; and (xii) information subject to an obligation of confidentiality to a third person or a

13  Court.

14  (b)  Unless otherwise ordered by the Court, Discovery Material designated as

15  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

16  (i)  The Receiving Party's Outside Counsel, provided that such Outside

17  Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

18  730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and

19  such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation

20  support services working at the direction of such counsel, paralegals, and staff, provided that any

21  copying, clerical, or technical litigation support services are located within the United States;

22  (ii)  Any Outside Expert or Consultant retained by the Receiving Party

23  to assist in this action, including his or her clerical and support staff (provided, however, that any

24  support staff that provides professional technical, engineering, accounting, or financial support

25  must be separately disclosed as an Outside Expert or Consultant in accordance with this Order),

26  provided that disclosure is only to the extent necessary to perform such work; and provided that:

27  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing

28  a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 4:13-cv-01710-CW

12.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

1   a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer,

2   director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not

3   involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d

4   1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or

5   consultant accesses the materials in the United States only, and does not transport them to or

6   access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure

7   exist after proper notice has been given to all Parties as set forth in Paragraph 12(b) below.

8   Without either the express prior written consent of the Defendant that produced the Protected

9   Material or Court order, no Outside Expert or Consultant retained by a Defendant in this matter

10  shall have access to "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" Discovery

11  Material produced by another Defendant in this matter;

12              (iii)    Court reporters, stenographers and videographers retained to record

13  testimony taken in this action;

14              (iv)    The Court, jury, and court personnel;

15              (v)     Graphics, translation, design, and/or trial consulting personnel,

16  having first agreed to be bound by the provisions of the Protective Order by signing a copy of

17  Exhibit A;

18              (vi)    Any mediator who is assigned to hear this matter, and his or her

19  staff, subject to their agreement to maintain confidentiality to the same degree as required by this

20  Protective Order; and

21              (vii)   Any other person with the prior written consent of the Producing

22  Party.

23          (c)      For clarity, in no event shall an employee, officer, or director of any Party

24  to this action or of any competitor of any Party to this action have access to Protected Material

25  relating to merger and acquisition activities, sales, cost, profit, supplier, or customer information,

26  as well as non-public technical information including without limitation Source Code without a

27  Court order or written consent of the Producing Party.

28          **10.     DISCOVERY   MATERIAL   DESIGNATED   AS   "CONFIDENTIAL   –**

## OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, provided that any copying, clerical, or technical litigation support services are located within the United States;

(ii)     Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, including his or her clerical and support staff (provided, however, that any support staff that provides professional technical, engineering, accounting, or financial support services must be separately disclosed as an Outside Expert or Consultant in accordance with this Order), provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

(c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi) Any other person with the prior written consent of the Producing Party.

**11. <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>**

(a) Any Source Code that is produced shall be made available for inspection in electronic format at the office of its Outside Counsel, or any other location in the United States mutually agreed to by the Parties.  Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays), or as mutually agreed to by the Parties.

(b) The Producing and Receiving Parties shall meet and confer to agree on a reasonable time for the first inspection of any requested Source Code.  The Receiving Party shall provide seven (7) days notice prior to any additional inspections.

(c) Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i) All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or Outside Experts or Consultants in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal

Cooley LLP
Attorneys At Law
Palo Alto

Case No.  4:13-cv-01710-CW

15.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

1   or other transfer of any Source Code outside or away from the computer on which the Source

2   Code is provided for inspection (the "Source Code Computer" in the "Source Code Review

3   Room"). The Producing Party may also configure the secured computer to permit review of

4   source code through a password-protected account having only read-only access. The Producing

5   Party shall install reasonably commercially available tools that are sufficient for viewing and

6   searching the code produced, on the platform produced, if such tools exist and are presently used

7   in the ordinary course of the Producing Party's business and do not require payment of additional

8   license fees. The Receiving Party's Outside Counsel and/or Outside Experts or Consultants may

9   request that commercially available software tools for viewing and searching Source Code be

10   installed on the Source Code Computer, provided, however, that (a) the Receiving Party

11   possesses an appropriate license to such software tools; (b) the Producing Party approves such

12   software tools; and (c) such other software tools are reasonably necessary for the Receiving Party

13   to perform its review of the Source Code consistent with all of the protections herein. The

14   Receiving Party must provide the Producing Party with the CD or DVD containing such licensed

15   software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party

16   wishes to have the additional software tools available for use on the Source Code Computer. In no

17   event shall the Receiving Party use any compilers, interpreters or simulators in connection with

18   the Producing Party's Source Code and under no circumstances will the Source Code be compiled

19   into executable code by the Receiving Party.

20         (ii)     No outside electronic devices, recordable media or recordable

21   devices, including without limitation sound recorders, laptops, tablet devices, computers, cellular

22   telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted

23   into the Source Code Review Room. The Producing Party shall make available a room adjacent,

24   or within close proximity, to the Source Code Review Room where the Receiving Party's outside

25   counsel and/or experts may access the internet.

26         (iii)     The Receiving Party's Outside Counsel and/or Outside Experts or

27   Consultants shall be entitled to take notes relating to the Source Code but may not copy the

28   Source Code into the notes and may not use the notes to prepare literal transcriptions of the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 4:13-cv-01710-CW

16.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

Source Code, and may not take such notes electronically on the Source Code Computer itself. Each page of any such notes containing Source Code information (and any additional notes, analyses, descriptions, or deposition testimony relating thereto) must be marked as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

      (iv) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

      (v) Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, and no person may use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

      (vi) No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code with pre-numbered paper that may also be watermarked to track further reproduction.  Any printing of Source Code shall be on 8.5 x 11 inch paper, in 12 point Times New Roman font.  The Receiving Party shall only print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. No more than 75 pages of the Source Code of any software release may be printed.  If a party prints less than 75 pages for one software release, the unused budget of pages cannot be transferred or used in any way for another software release.  A Reviewing Party is not permitted to subvert the 75 page limit by combining pages from different software releases in any way.

Cooley LLP
Attorneys At Law
Palo Alto

Case No.  4:13-cv-01710-CW

17.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party. Within ten (10) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party may seek Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. If after fourteen (14) days, the Receiving Party does not present the dispute to the Court, the Producing Party shall not be obligated to produce the requested Source Code that is the subject of the dispute. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vii)    No more than three (3) individuals who qualify under Paragraphs 10(c)(i) or 10(c)(ii), above, for the Receiving Party, may have access to the Source Code Computer. In addition, no more than five (5) additional attorneys and/or experts who qualify under Paragraphs 10(c)(i) or 10(c)(ii), above, for the Receiving Party, may have access to printed copies of any portion of the Producing Party's Source Code. All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel's law firm, shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code.

Cooley LLP
Attorneys At Law
Palo Alto

Case No. 4:13-cv-01710-CW

18.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

1    Such identification shall be in addition to any other disclosure required under this Order.  If, when

2    an expert or consultant was originally disclosed in the litigation, the Receiving Party notifies the

3    Producing Party of its intent to use the expert to review source code, the Receiving Party does not

4    have to later identify that expert or consultant for reviewing Source Code.  Nothing in this

5    paragraph shall be interpreted to affect any notice requirements required by the facility where the

6    Source Code Review Room is located.  A Producing Party may object to providing Source Code

7    access to any persons so identified.  If an objection to an individual is made by the Producing

8    Party, it will be the burden of the Receiving Party to prove that the individual should be

9    authorized to inspect the Producing Party's Source Code.

10                   (viii)   All persons viewing Source Code shall present proper identification

11   and sign a log prepared by the Producing Party on each day they view Source Code that will

12   include the names of persons who enter the locked room to view the Source Code and the time

13   they enter and depart.

14                   (ix)   Unless otherwise agreed in advance by the Parties in writing,

15   following each day on which inspection is done under this Order, the Receiving Party's Outside

16   Counsel and/or Outside Experts or Consultants shall remove all notes, documents, and all other

17   materials from the Source Code Review Room.  The Producing Party shall not be responsible for

18   any items left in the room following each inspection session, and the Receiving Party shall have

19   no expectation of confidentiality for any items left in the room following each inspection session

20   without a prior agreement to that effect.  Proper identification of all authorized persons shall be

21   provided prior to any access to the secure room or the computer containing Source Code.  Proper

22   identification requires showing, at a minimum, a photo identification card sanctioned by the

23   government of any State of the United States, by the government of the United States, or by the

24   nation state of the authorized person's current citizenship. Access to the secure room or the

25   Source Code Computer may be denied, at the discretion of the supplier, to any individual who

26   fails to provide proper identification.

27                   (x)   Other than as provided above, the Receiving Party will not copy,

28   remove, or otherwise transfer any Source Code from the Source Code Computer including,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No.  4:13-cv-01710-CW

19.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

(xi)     The Receiving Party's Outside Counsel of record may make no more than three (3) paper copies of any portions of the Source Code received from a Producing Party, pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) days advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xii)    The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code or any notes, analyses, or descriptions of Source Code at their offices shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code or any notes, analyses, or descriptions of Source Code in a locked room or cabinet or container at all times when it is not in use. No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of the Producing Party's Source Code (except insofar as such code appears in any court filing or expert report).

(xiii)   Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Receiving Party's Outside Counsel for secure destruction in a timely manner following the deposition.

(xiv)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 4:13-cv-01710-CW

20.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  In no event shall the Receiving Party seek to communicate electronically any copy of Source Code, including through e-mail, FTP or any other means of electronic communication, and in no event shall any copy of Source Code be created using optical character recognition technology.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent written agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

(xv)     Any Outside Expert or Consultant retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code (whether in electronic form or otherwise) shall be prohibited from performing software development work directly or indirectly intended for commercial purposes relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No.  4:13-cv-01710-CW

21.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

(generally or as described in any patent in suit) or relating to an aspect of a product or service of the Producing Party learned by such person by virtue of having reviewed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials, for a period of one (1) year after the issuance of a final, non-appealable decision resolving all issues in the case.  This shall not preclude such Outside Expert or Consultant from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to voice controlled computing (generally or as described in any patent in suit) or relating to an aspect of a product or service of the Producing Party learned by such person by virtue of having reviewed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials.

## 12.   NOTICE OF DISCLOSURE

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment, personal, and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person, including such Person's education and experience; and (v) a list of the cases in which the Person has testified at deposition or trial, all companies for which the Person has provided consulting services, either directly or through a consulting firm, and all companies by which the Person has been employed, within the last five (5) years; and (vi) an identification of all pending patent applications relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing of which the person is aware that the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.  Said written notice

shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing, or relating to the acquisition of intellectual property assets relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing. The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing, or the acquisition of intellectual property assets relating to systems or methods for voice recognition and/or speech analysis for applications including, but not limited to, voice controlled computing. Any information provided pursuant to this subsection, as appropriate, may itself be designated as Protected Material.

(b) Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause, stating with particularity the reason(s) for objection. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated

1  materials shall not be disclosed to the Person in question until the parties reach agreement or the

2  Court resolves the objection.

3          (c)     For purposes of this section, "good cause" shall include an objectively

4  reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected

5  Material in a way or ways that are inconsistent with the provisions contained in this Order.

6          (d)     Prior to receiving any Protected Material under this Order, the Person must

7  execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve

8  it on all Parties.

9          (e)     An initial failure to object to a Person under this Paragraph 12 shall not

10  preclude the Producing Party or Parties from later objecting to continued access to Protected

11  Material by that Person for good cause.  If an objection is made, the Parties shall meet and confer

12  via telephone or in person within seven (7) days following the objection and attempt in good faith

13  to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the

14  disclosure will have seven (7) days from the date of the meet and confer to seek relief from the

15  Court.  The designated Person may continue to have access to information that was provided to

16  such Person prior to the date of the objection.  If a later objection is made, no further Protected

17  Material shall be disclosed to the Person until the Court resolves the matter or the Producing

18  Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to

19  move for a protective order within ten (10) days after the meet and confer, further Protected

20  Material may thereafter be provided to the Person.

21  **13.**     **DISCOVERY CONCERNING NON-PARTIES**

22          (a)     The Parties recognize that, during the course of this case, non-parties may

23  be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS'

24  EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

25  CODE" Discovery Materials.  In such a case, the non-party who produces such Discovery

26  Material is considered to be a Producing Party, protected under this Order as though a signatory

27  to it, and may use the procedures described herein to designate its Discovery Materials as

28  Protected Materials.

1    (b)    Information originating with a non-party and in a Producing Party's

2  custody or control that a Producing Party reasonably and in good faith believes is subject to a

3  confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL,"

4  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL –

5  OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and the Protected Material shall be

6  subject to the restrictions on disclosure specified in this Order.  The foregoing notwithstanding, if

7  a Party has a good faith belief that the production of Discovery Material is objectionable on the

8  grounds that the requested Discovery Material is subject to a third-party confidentiality

9  obligation, the Producing Party shall provide the identity of the non-party to the Receiving Party,

10  and the Receiving Party shall confer with the non-party to resolve the confidentiality issue.  If the

11  Receiving Party and the non-party are unable to resolve the matter, the prospective "Receiving

12  Party" may seek relief from the Court.  No disclosure is required until the matter is resolved by

13  the Court.

14    (c)    A non-party's use of this Order to designate Protected Materials does not

15  entitle that non-party to access any other Protected Material produced by any Party or other non-

16  party in this case.

17    **14.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

18    (a)    A Receiving Party shall not be obligated to challenge the propriety of any

19  designation of Discovery Material under this Order at the time the material in question is

20  produced, and a failure to do so shall not preclude a subsequent challenge thereto.

21    (b)    Any challenge to a designation of Discovery Material under this Order

22  shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly

23  identify the documents or information that the Receiving Party contends should be differently

24  designated, and shall state the grounds for the objection.  Thereafter, further protection of such

25  material shall be resolved in accordance with the following procedures:

26    (i)    The objecting Party shall have the burden of conferring either in

27  person, in writing, or by telephone with the Producing Party claiming protection (as well as any

28  other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall

1    have the burden of justifying the disputed designation;

2                    (ii)    Failing agreement, the Receiving Party may bring a motion to the

3    Court for a ruling that the Discovery Material in question is not entitled to the status and

4    protection of the Producing Party's designation.  The Parties' entry into this Order shall not

5    preclude or prejudice either Party from arguing for or against any designation, establish any

6    presumption that a particular designation is valid, or alter the burden of proof that would

7    otherwise apply in a dispute over discovery or disclosure of information;

8                    (iii)    Notwithstanding any challenge to a designation, the Discovery

9    Material in question shall continue to be treated as designated under this Order until one of the

10   following occurs: (a) the Party who designated the Discovery Material in question withdraws

11   such designation in writing; or (b) the Court rules that the Discovery Material in question is not

12   entitled to the designation.

13                   (iv)    No Party shall be obligated to challenge the propriety of any

14   designation at any time, and failure to do so shall not constitute an admission that any item or

15   information is in fact considered proprietary or confidential.

16       **15.    SUBPOENAS OR COURT ORDERS**

17                   (a)    If at any time Protected Material is subpoenaed by any court, arbitral,

18   administrative, or legislative body, the Party to whom the subpoena or other request is directed

19   shall immediately give prompt written notice thereof to every Party who has produced such

20   Discovery Material and to its counsel and shall provide each such Party with a reasonable

21   opportunity (not less than fourteen (14) business days) to move for a protective order regarding

22   the production of Protected Materials implicated by the subpoena.  However, nothing in this

23   Order shall be construed as authorizing a Party to disobey a lawful subpoena in another action.

24       **16.    FILING PROTECTED MATERIAL**

25                   (a)    Absent written permission from the Producing Party or a court Order

26   secured after appropriate notice to all interested persons, a Receiving Party may not file or

27   disclose in the public record any Protected Material.

28                   (b)    Any Party is authorized to file under seal with the Court any brief,

1   document or materials that are designated as Protected Material under this Order. However,

2   nothing in this section shall in any way limit or detract from this Order's requirements as to

3   Source Code.

4   **17.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

5           (a)     Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil

6   Procedure 26(b)(5)(B), attorney-client privilege, work product protection or any other privilege or

7   protection shall not be waived, in this case or in any other Federal or State proceeding, by

8   inadvertent disclosure. More specifically, if any privileged or protected documents, records,

9   and/or data are inadvertently disclosed to another party, such documents will not lose the

10  privilege and/or protection attached thereto by the mere fact such documents were inadvertently

11  disclosed, nor may any such documents, once identified, be used for any purpose (including,

12  without limitation, during a deposition). All copies of such document(s) shall be returned to the

13  producing party or be destroyed within five (5) days of such notice. This provision shall apply in

14  this case, as well as in any other Federal or State proceeding.

15          (b)     Upon a request from any Producing Party who has inadvertently produced

16  Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

17  immediately return such Protected Material or Discovery Material and all copies, summaries,

18  compilations, or derivations thereof to the Producing Party, except for any pages containing

19  privileged markings or information by the Receiving Party which shall instead be destroyed and

20  certified as such in writing by the Receiving Party to the Producing Party. Further, upon

21  reasonable belief of a Receiving Party that any Producing Party inadvertently has produced to it

22  Discovery Material that is privileged and/or protected, each Receiving Party without request by

23  the Producing Party shall promptly notify the Producing Party about such production and, upon

24  request of the Producing Party, return such Protected Material or Discovery Material and all

25  copies, summaries, compilations, or derivations thereof to the Producing Party. The Producing

26  Party shall promptly provide a privilege log identifying such inadvertently produced Discovery

27  Material.

28          (c)     Nothing herein shall prevent the Receiving Party from preparing a record

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 4:13-cv-01710-CW

27.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 18. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material at the time of production with one of the designations or the correct designation provided for under this Order shall not waive the Producing Party's ability to later make any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate or to correctly designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     Prior to a Receiving Party receiving notice from the Producing Party of the correct confidentiality designation for the Discovery Material, a Receiving Party shall not be in breach of this Order for any use of such Discovery Material that was inconsistent with the corrected designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation or a different confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply

Cooley LLP
Attorneys At Law
Palo Alto

Case No. 4:13-cv-01710-CW

28.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

1  on a going-forward basis only. A subsequent designation shall not disqualify anyone who

2  reviewed Discovery Materials before receiving notice from the Producing Party that the materials

3  should be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or

4  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from

5  engaging in the activities set forth in Paragraph 6(b).

6  ### 19.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

7  (a)   In the event of a disclosure of any Discovery Material subject to the

8  protections conferred by this Order to any person or persons not authorized to receive such

9  disclosure under this Protective Order, the Party responsible for having made such disclosure, and

10  each Party with knowledge thereof, shall immediately notify counsel for the Producing Party

11  whose Discovery Material has been disclosed and provide to such counsel all known relevant

12  information concerning the nature and circumstances of the disclosure. The responsible

13  disclosing Party shall also promptly take all reasonable measures to retrieve the improperly

14  disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure

15  and/or use thereof is made.

16  (b)   Unauthorized or inadvertent disclosure does not change the status of

17  Discovery Material or waive the right to hold the disclosed document or information as Protected.

18  ### 20.   FINAL DISPOSITION

19  (a)   Not later than ninety (90) days after the Final Disposition of this case, each

20  Party shall return all Discovery Material of a Producing Party to the respective outside counsel of

21  the Producing Party or destroy such Material, at the option of the Producing Party. For purposes

22  of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating

23  the above-captioned action with prejudice, including all appeals.

24  (b)   All Parties that have received any such Discovery Material shall certify in

25  writing that all such materials have been returned to the respective Outside Counsel of the

26  Producing Party or destroyed within thirty (30) days of such return or destruction.

27  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one

28  set of pleadings, correspondence and attorney and consultant work product (but not document

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No.  4:13-cv-01710-CW

29.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

### 21.    DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)    Absent good cause, drafts of reports and other written materials of Outside Experts and Consultants prepared for the present litigation shall not be discoverable.

(b)    Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(d) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)    Nothing in this Protective Order, including Paragraphs 21(a)–(d), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11

1    shall control in the event of any conflict.

2        (h)    Use of Protected Information at Trial: The parties will not oppose any

3    request by the producing party that the courtroom should be sealed, if allowed by the Court,

4    during the presentation of any testimony relating to or involving the use of any Protected

5    Information.

6    **22.    MISCELLANEOUS**

7        (a)    Right to Further Relief.  Nothing in this Order abridges the right of any

8    person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties

9    do not waive the right to argue that certain material may require additional or different

10   confidentiality protections than those set forth herein.

11       (b)    Termination of Matter and Retention of Jurisdiction.  The Parties agree that

12   the terms of this Protective Order shall survive and remain in effect after the Final Disposition of

13   the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this

14   matter to hear and resolve any disputes arising out of this Protective Order.

15       (c)    Destruction Obligations.  Any destruction obligations under this Protective

16   Order shall not apply to electronically-stored information in archival form stored on backup tapes,

17   computer servers, external hard drives, notebooks, personal computer hard drives, or other media

18   that are created for disaster recovery purposes, provided that such electronic archives are not used

19   as reference materials for a Receiving Party's business operations.

20       (d)    Successors.  This Order shall be binding upon the Parties hereto, their

21   attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

22   representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

23   experts, and any persons or organizations over which they have control.

24       (e)    Right to Assert Other Objections. By stipulating to the entry of this

25   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

26   producing any information or item.  Similarly, no Party waives any right to object on any ground

27   to use in evidence of any of the material covered by this Protective Order.  This Order shall not

28   constitute a waiver of the right of any Party to claim in this action or otherwise that any

Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.  This Order does not address discovery objections nor preclude any Party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power.  By way of non-exclusive example, the provisions for Source Code protection contained herein shall not obligate any Party or non-party to produce Source Code in this action, and all potential objections to the production of Source Code are expressly reserved.

(f)     <u>Burdens of Proof</u>.   Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether certain material is discoverable, whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(h)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

(i)     <u>Interpretation</u>.   Should the parties have any issues concerning the interpretation of this Order, before any Party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute.  The headings used in this Order are

1    supplied for convenience only and shall not be taken into account in the interpretation of this

2    Order.

3            (j)    <u>No Probative Value</u>.   The Order shall not aggregate or diminish any

4    contractual, statutory or other legal obligation or right of any Party or person with respect to any

5    Protected Material.    The fact that information is designated "CONFIDENTIAL,"

6    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL –

7    OUTSIDE ATTORNEYS' EYES ONLY –SOURCE CODE" under this Order shall not be

8    deemed to be determinative of what a trier of fact may determine to actually be

9    "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

10   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –SOURCE CODE." This Order

11   shall be without prejudice to the right of any Party to bring before the Court questions regarding

12   (a) whether any particular material is or is not properly designated or (b) whether any particular

13   information or material is or is not entitled to a greater or lesser degree of protection under the

14   terms of this Order, provided that in doing so, the Party complies with the procedures set forth

15   herein.  The fact that any information is disclosed, used, or produced in any court proceeding in

16   this case shall not be offered in any action proceeding before any court, agency or tribunal as

17   evidence of or concerning whether or not such information is admissible, confidential, or

18   proprietary.

19           (k)    <u>Enforcement</u>.  This Order may be enforced by any remedies available to

20   the Court, including but not limited to the Federal Rules of Civil Procedure

21

22

23

24

25

26

27

28

Dated: October 30, 2013

*/s/ Jennifer C. Lu*
Christopher D. Banys (State Bar No. 230038)
Richard C. Lin          (State Bar No. 209233)
Jennifer C. Lu          (State Bar No. 255820)
cdb@banyspc.com
rcl@banyspc.com
jcl@banyspc.com
BANYS, P.C.
1032 Elwell Court, Suite 100
Palo Alto, California 94303
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

*Attorneys for Plaintiff*
*Potter Voice Technologies LLC*

Dated: October 30, 2013

*/s/ Timothy S. Teter*
Stephen Neal (170085)
nealsc@cooley.com
Timothy S. Teter (171451)
teterts@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

Eamonn Gardner (admitted pro hac vice)
egardner@cooley.com
Matthew Leary (admitted pro hac vice)
mleary@cooley.com
Cooley LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:     (720) 566-4000
Facsimile:     (720) 566-4099

*Attorneys for Defendant Apple Inc.*

ATTESTATION:   I, Timothy S. Teter, am the ECF User whose identification and password are being used to file this Proposed Protective Order Regarding the Disclosure and Use of Discovery Materials for Apple Inc. and Potter Voice Technologies, Inc.  I hereby attest that Jennifer C. Lu has concurred in this filing.

*/s/ Timothy S. Teter*

**IT IS SO ORDERED.**

Dated: 10/30/2013

_____
*United States District Judge*

Cooley LLP
Attorneys At Law
Palo Alto

Case No.  4:13-cv-01710-CW

35.

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY MATERIALS

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Potter Voice Technologies LLC v. Apple Inc., United States District Court, Northern District of California, Case No.  4:13-cv-01710-CW. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]